**UNITED STATES of America,**
**Appellant,**

v.

**A. R. BENNING et al., Appellees.**

**UNITED STATES of America,**
**Appellant,**

v.

**Jack T. MORRISON et al., Appellees.**

**Nos. 17394, 17395.**

United States Court of Appeals
Ninth Circuit.

Sept. 20, 1961.

As Amended Nov. 17, 1961.

Ramsey Clark, Asst. U.S. Atty. Gen., Roger P. Marquis, and Elizabeth Dudley, Attys., Dept. of Justice, Washington, D. C., for appellant.

Philip H. Angell, San Francisco, Cal., for appellees.

Mose Silverman, San Francisco, Cal., amicus curiae.

Before HAMLEY, JERTBERG and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

The United States, having appealed from judgments entered on the issue of compensation in these condemnation proceedings, is in process of obtaining transmittal to this court of the record on appeal. Part of the record will consist of the reporter's transcript of evidence received at the trial before commissioners appointed in the manner provided by Rule 71A(h), Federal Rules of Civil Procedure, 28 U.S.C.A. The Government purchased the original of this transcript at a cost of $4,946, computed at the established rate of sixty-five cents a page. Desiring to retain the original for its own use, the Government requested the court reporters to file a copy with the clerk of the district court without charging a fee therefor, so that such copy could be transmitted to the court of appeals as a part of the record.

The reporters refused to file a copy of the transcript with the clerk of the district court unless the Government would pay an additional fee at the rate of thirty cents a page. The Government thereupon moved in the United States District Court for the Southern District of California, Central Division, where the proceedings arose, for an order requiring the reporters to file a certified copy of the transcript of evidence with the clerk of that court. In the motion the Government also sought an order requiring the clerk of that court to transmit such copy to this court as a part of the record on appeal without payment of any additional fee to the reporters.

Responsive to that motion the district judge ordered the court reporters to deliver to the clerk of the district court a certified copy of the official transcript of evidence. The judge, however, further ordered the clerk of that court to retain the copy of transcript in his office and not transmit it to this court as a part of the record on appeal unless and until the Government should pay or agree to pay the reporters a fee of twenty-five cents a page for such copy.

Contesting the condition thus attached to the latter part of the district court

order, the Government has now moved in this court for an order directing the district court clerk to forward the copy of transcript to this court without additional cost to the United States. Appellees resist the motion. We have permitted the affected court reporters to appear as amici curiae and they also resist the motion.

It is not here disputed that pursuant to 28 U.S.C.A. § 753(b) and (f) the court reporters were obliged to deliver to the clerk of the district court, "for the records of the court," a certified copy of the transcript made upon the request of the Government, without charging a fee therefor.[1]

Appellees and amici curiae, however, contend that this copy is for the records of the district court and is not to be transmitted to the court of appeals as a part of the record on appeal. They further argue that, if there is authority to transmit that copy as a part of the record on appeal, the district court with the approval of the Judicial Conference of the United States may require that the reporters be paid an additional fee for such use of the copy.

We turn first to the question of whether the copy of transcript filed with the clerk of the district court pursuant to section 753(b) must be retained in the records of the district court and may not be transmitted to the court of appeals as a part of the record on appeal.

Under Rule 10(1) of the rules of this court, 28 U.S.C.A., all appeals are heard on the original papers and the reporter's transcript of evidence or proceedings "as designated and transmitted to this court in the manner provided in Rule 75(o), Federal Rules of Civil Procedure," and on such copies thereof as are specified in our Rules 10(2), 17 or 19. It is provided in Rule 75(o), 28 U.S.C.A., that when-

ever a court of appeals provides by rule for the hearing of an appeal on the original papers, the clerk of the district court shall transmit all the original papers, with the exception of omissions agreed upon by written stipulation. It is further provided in subdivision (o): "If a transcript of the testimony is on file the clerk shall transmit that also; otherwise the appellant shall file with the clerk for transmission such transcript of the testimony as he deems necessary for his appeal \* \* \*."

A transcript which "is" on file as distinguished from one filed by an appellant for the express purpose of transmittal must necessarily be the one delivered to the clerk of the district court pursuant to section 753(b). It follows that under our Rule 10(1) and Rule 75(o) of the Federal Rules of Civil Procedure a transcript filed in accordance with section 753(b) must be transmitted to the court of appeals as a part of the record on appeal.

This conclusion finds confirmation in the provisions of subdivisions (b) and (g) of Rule 75, which pertain to the transmittal of copies of the original papers rather than the original papers themselves. Subdivision (b) provides that if there be designated for inclusion any evidence or proceeding at a trial or hearing which was stenographically reported, the appellant shall file with his designation a copy of the reporter's transcript of the evidence or proceedings included in his designation. Subdivision (b) further provides, however, that "In the event that a copy of the reporter's transcript or the necessary portions thereof is already on file, the appellant shall not be required to file an additional copy." Subdivision (g) provides that the copy of the transcript filed as provided in subdivision (b) shall be certified by

---

1. 28 U.S.C.A. § 753(b), fourth paragraph, reads: "The reporter shall promptly deliver to the clerk for the records of the court a certified copy of any transcript so made." The first two sentences of 28 U.S.C.A. § 753(f) read: "Each reporter may charge and collect fees for tran-

scripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the Clerk for the records of court."

the clerk as a part of the record on appeal " \* \* \* and the clerk may not require an additional copy as a requisite to certification."

The only copy which can be "already on file" at the time appellant files a designation of record on appeal is the copy filed pursuant to section 753(b). Subdivisions (b) and (g) of Rule 75, referred to above, make it clear that where such a copy is on file it is the one to be transmitted, the appellant having no obligation to file an "additional" copy (subdivision (b)) and the clerk having no authority to require an "additional" copy (subdivision (g)).

It is argued, however, that another paragraph of section 753(b) forbids the transmittal of the section 753(b) copy to the court of appeals and that if Rule 75 purportedly authorizes that to be done, it is in conflict with the statute and must be disregarded. The reference here is to the last paragraph of section 753(b) reading: "The original notes or other original records and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge."

While the quoted statutory provision accords the right to inspect original records and the copy of the transcript while they are in the office of the clerk of the district court, it does not forbid the transmittal of such record and transcript to the court of appeals. The authority to transmit, not withheld by section 753(b), is granted, and in fact required, by Rule 75(o).[2]

We conclude that the copy of the transcript filed with the clerk of the district court pursuant to section 753(b) may and in fact must be transmitted to the court of appeals as a part of the record on appeal, unless of course an appellant prefers to have certified and transmitted the original or another copy which may be in his possession.[3]

■ As before indicated, however, appellees and amici curiae further contend that even if a file copy must be transmitted, the district court with the approval of the Judicial Conference may require that the reporters be paid an additional fee for such use of the copy.

The circumstances under which court reporters may charge and collect fees for transcripts and the manner of fixing the rates to be applied in computing such fees are specified in section 753(f). Excluding criminal and habeas corpus proceedings, reporters are permitted to charge and collect fees for transcripts only when transcripts are "requested" by the parties, including the United States. They are expressly forbidden to charge a fee for a copy of a transcript delivered to the clerk for the records of the court.[4]

The latter provision, however, is not an exception to the immediately preceding provision. The first applies where a party has requested a transcript, for which he is asked to pay. The latter applies where under section 753(b) the court reporter is obliged to file a copy for the records of the court, either because a party has requested an original of the transcript or because the judge has requested a transcript. Such filing is not the result of any request therefor by a party, is made irrespective of the taking of an appeal, and is initially for the use of the district judge.

But, having in view the purpose of the statute to require parties to pay for transcripts utilized by them, it seems fair to say that when a file copy is to be transmitted to a court of appeals as a

---

**2.** Under Rule 7(o) the original papers and copy of the transcript are to be returned to the custody of the district court as soon as there has been a disposition of the appeal.

**3.** For the reasons just stated, the practice, which we are informed is followed by the

clerk of the district court in question, of insisting upon retention of the section 753(b) transcript and requiring an appellant to supply the original or another copy for transmittal is contrary to the requirements of Rule 75(b), (g) and (o).

**4.** See note 1 above.

part of the record on appeal such copy is in effect then being "requested" by a party. Such request is evidenced by the action of a party in taking an appeal. By such action an appellant, and he alone, puts into operation the provisions of Rule 75 requiring transmittal of the file copy of the transcript. If the file copy thus becomes a "requested" copy, the provision of section 753(f) authorizing the charging and collection of a fee apply thereto.

This would seem to be the construction which the Judicial Conference has placed on section 753(f). In 1951 the Judicial Conference adopted a resolution authorizing district courts to provide that when a copy of a transcript filed pursuant to section 753(b) is used by the parties or their attorneys "in the preparation or perfection of appeals," they shall pay the reporter for that use a fee of twenty-five cents a page.[5] The Judicial Conference could not have taken this course unless it considered that when a file copy of the transcript is utilized for the preparation or perfection of an appeal it thereupon becomes a "requested" copy. As before noted, section 753(f) permits a fee to be charged and collected only with respect to "requested" transcripts.

The Government, however, argues that the words "used by the parties or their attorneys in the preparation or perfection of appeals" do not include use of the file copy as the copy of the transcript to be transmitted to the court of appeals. The quoted words, it is contended, contemplate only the utilization of the file copy of the transcript for the limited purpose of preparing a designation of the parts to be included in the record.[6]

A party who has ordered and paid for a transcript does not need to use the file copy for that purpose. But, the argument goes, a party who has not ordered and paid for a transcript must use the file copy in preparing his designation. Hence, the Government urges, the Judicial Conference resolution was intended only to provide additional compensation for court reporters in cases where no transcript has been ordered and paid for and it is sought to use the file copy to prepare a designation.

The Government offers as support for this view the statement made in Texas City Tort Claims v. United States, 5 Cir., 188 F.2d 900, 902, that " * * * if a transcript is purchased by a party, the extra charge for the original thereof compensates the reporter for the copy filed with the clerk. * * *"[7] Having

---

5. This action is recorded as follows in the Report of the Judicial Conference of the United States, held at Washington, D. C., September 24–26, 1951, at pages 17–18:

"Judge Parker also reported that representatives of the court reporters had informed his committee that the use by attorneys of the copies of transcript filed by them in the offices of the clerks of court in compliance with the requirements of the statute (U.S.C., Title 28, sec. 753(b)) had been the cause of unfair loss of revenue to them because of its use without charge in situations where otherwise copies would have been purchased from the reporters. They referred particularly to the use of this file copy for purposes of appeal under Rule 75(b) and (g) of the Federal Rules of Civil Procedure. The committee had concluded that although the file copy must be filed promptly with the clerk and made freely available by him for reasonable public reference in his office, like other papers in the case, yet if it is used for

purposes of appeal the reporters are justly entitled to a reasonable fee for that use.

"Accordingly, the Conference approved the recommendation of the committee that provision may be made by the district courts if they see fit that when the certified copy filed in the office of the clerk pursuant to the act is used by the parties or their attorneys in the preparation or perfection of appeals, they shall pay the reporter for that use a fee of 25 cents a page."

6. It will be noted that in making this argument the Government in effect concedes that the § 753(b) copy of transcript may become a "requested" transcript and thus susceptible to the fee provisions of § 753(f).

7. As authority for this statement the court cited Senate Report No. 533, to accompany S. 620, 78th Cong., 1st Sess., page 8, quoting a report of the committee of the Conference of Senior Circuit

paid for the original at sixty-five cents a page, which in its view covers the costs of the file copy, the Government does not feel that it should pay for that copy a second time.

The Government's proposed limited construction of the Judicial Conference resolution seems hardly warranted if we look just at the language of the resolution. An appellant who is arranging for the transmittal of the record on appeal is normally thought of as engaged in the perfection of his appeal, particularly so where, as in this resolution, the context is "preparation or perfection of appeals," since "preparation" would seem to embrace use of the transcript in preparing a designation. Thus the use of a transcript in the "perfection" of an appeal, as that word is used in the resolution, would seem to include its use as a part of the appellate record and whether or not it was first utilized to prepare a designation.

Nor does the reason offered by the Government why the Judicial Conference should wish to limit the additional twenty-five-cent fee to instances where a transcript has not been ordered and the file copy is to be used in preparing a designation, bear analysis. Where, as in this circuit, the appeal is on the original record pursuant to Rule 75(o), a file copy of the transcript is to be sent without exclusions and hence no designation of part of a transcript is required for purposes of transmittal.[8] While a designation of parts of the transcript to be printed may have to be made under our Rule 17(6), it is frequently the case that the entire transcript is designated for printing.

Under the circumstances indicated above, which would involve a substantial number of appeals in this court, an appellant would not require a file copy of the transcript in order to prepare a designation. Under the Government's construction of the Judicial Conference resolution, reporters would not receive the twenty-five-cent fee in such cases even though no transcript had been ordered and paid for by any party.

The statements which have been made that the rate per page fixed for the original transcript is intended to cover the cost of the section 753(b) copy tends to support the Government's position. However, we think a more accurate statement would be that all of the rates fixed by the Judicial Conference together with the statutory salaries received by court reporters are deemed to provide the compensation for services rendered by court reporters. This would include the right, recognized by the Judicial Conference since 1951, to receive additional fees at the rate of twenty-five cents per page for file copies of transcripts transmitted to courts of appeals.

We conclude that the 1951 resolution of the Judicial Conference provides confirmation for the view we have expressed that when a file copy of a transcript is transmitted to the court of appeals as a part of the record on appeal it becomes a "requested" transcript and the court reporter is entitled to charge and collect a fee therefor pursuant to section 753(f).

As before indicated, the rate of twenty-five cents a page for such copy, as specified in the order of the district court entered in these proceedings, has been approved by the Judicial Conference. It has also been authorized by general order of the United States District Court for the Southern District of California adopted July 3, 1952.[9] It need only be

---

Judges with regard to the pending legislation which resulted in the enactment of § 753. That committee there said: "Compensation for this copy will be included in the rates fixed for the original."

8. Even in circuits where the appellant proceeds under Rule 75(a) to (g) by having copies of the original record transmitted, the appellant may designate the entire

transcript and so avoid the necessity of using the file copy in preparing a designation.

9. The general order of July 3, 1952, reads as follows:
"Pursuant to the action of the Judicial Conference September 1951 Session, (pp. 17–18) Official Reports, it is hereby
"Ordered, that when the certified Clerk's

added that in the ordinary case an appellant who has an original of the transcript in his possession may, and in the Southern District of California usually does, have it transmitted as part of the record on appeal, thereby avoiding the

file copy of a transcript filed in the office of the Clerk pursuant to U.S.C., Title 28, Section 753(b) is used by the parties or their attorneys in the preparation or perfection of appeals under Rule 75(b) and (g) of the Federal Rules of Civil Procedure, appellants shall pay the reporter for that use a fee of 25 cents a page."

payment of the additional fee.[10] There may be special reasons why it is not praticable for the Government to pursue that course in this case.

The motion of the United States is denied.

10. The memorandum opinion and order of the district judge denying the Government's motion that the clerk be ordered to transmit the file copy without charge contains this recital: "The plaintiff is in no way harmed by this procedure as the plaintiff has, as noted the original transcript, which can be used by the plaintiff by sending it to the Court of Appeals for the printing of the record."