## TEXAS CITY TORT CLAIMS v. UNITED STATES et al.

No. 13439.

United States Court of Appeals, Fifth Circuit.

May 1, 1951.

Robert Hobbs, Houston, Tex., for appellant.

Joseph W. Cash, Sp. Asst. to Atty. Gen., M. S. McCorquodale, T. E. Mosheim, Austin Y. Bryan, Jr., F. Fox Benton, John R. Brown and Thomas Fletcher, Houston, Tex., for appellees.

Before HOLMES, McCORD and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order disallowing the appellant court reporter's claim for $3847.25, which is alleged to be due him for the original transcript of Volumes 47–88 of evidence in the Texas City tort claims suits. During the presentation of the plaintiff's case in the Texas City cases, the government's attorneys placed an order with the appellant for an original daily transcript of the evidence as it was presented. The transcript of the plaintiff's evidence thus ordered by the government consisted of Volumes 1–46. No question is raised as to the costs incident to preparing the original and copies of these volumes.

No such arrangement was made with respect to the defendant's evidence, which when transcribed became Volumes 47–88. At the outset of the presentation of the defendant's evidence, neither party placed an order with the appellant for an original transcript of such evidence. At a later date, it was called to the court's attention that no such order had been made; whereupon, the judge indicated that it would be necessary for him to have a transcript so as to give proper consideration to all the evidence, and that his use of the transcript would make it impossible for counsel on either side to have access thereto. Counsel for the government then informed the court that they had been authorized to buy two copies, and counsel for the plaintiff likewise announced that they would order one copy of the transcript of the entire case. Thereafter, on November 2, 1949, the court stated in a memorandum, among other things, that: "Apparently the hearing of this case, which has so far consumed between 80 and 90 actual working days, is about to be brought to a close. When it is brought to a close, I desire so far as practicable to immediately begin the consideration of the case, giving it such time as my other work will permit. I shall, therefore, need the Transcript which has been in part,

and will wholly be, written up and filed by the Court Reporter with the Clerk of the Court. I shall also need ready reference to the Exhibits."

The appellant interpreted the foregoing memorandum to be an order by the lower court for him to prepare a transcript of the defendant's evidence for the court's use in making a final disposition of the cases. This he did, and on December 8, 1949, he submitted his claim of $3847.25 to the court for the original transcript. In June, 1950, a hearing was had on the claim, and pursuant to the hearing, an order was entered disapproving the same because of the provisions of Title 28, Section 753(b) (f) of the Judicial Code, 28 U.S.C.A.

Assuming, without deciding, that the appellant correctly interpreted the lower court's memorandum as directing him to prepare and file the transcript with the court or with the clerk pursuant to delivery to the court, the question then presented for our consideration is whether the appellant may charge and collect a fee for services rendered in preparing such transcript requested by the judge. We think not.

From a consideration of the relevant sections of the statute under which appellant was disallowed his claim, we see that "upon the request of any party to any proceeding which had been so recorded who has agreed to pay the fee therefor, or of a judge of the court, the reporter shall promptly transcribe the original records of the requested parts of the proceedings and attach to the transcript his official certificate, and deliver the same to the party or judge making the request." Furthermore, the statute provides that "The reporter shall promptly deliver to the clerk for the records of the court a certified copy of any transcript so made." Thus, from these portions of the statute, we see that either a party who has agreed to pay the fee therefor, or a judge, may request and secure delivery of a transcript of the proceedings. The reporter is also required to deliver to the clerk for the records of the court a certified copy of any transcript made; that is, one made for a party paying a fee for same, or one made on the request of the judge. There is no mention of any fee being charged the judge for delivery of a transcript to him upon his request. The statute does provide that a party requesting a transcript must agree to pay a fee before a transcript will be delivered to him.

Section 753(f) of Title 28 provides the permissible fees that may be collected by a court reporter for transcripts requested by the parties. These permissible fees are at rates set by the Judicial Conference, which rates in this court are 55¢ per page for an original transcript, and 25¢ per page for copies of the transcript. It is obvious that the reference to the transcripts requested by the parties does not include judges. There is no authority specifically granted to charge and collect fees for transcripts requested by the judges; whereas, express authority is granted to require parties requesting transcripts to agree to pay for them.

After considering the legislative history of the Court Reporter Act, 28 U.S.C.A. § 753, we are of the opinion that Congress intended that such duties as preparing transcripts for judges and filing copies of transcripts with the clerks were to represent performance of the reporter's statutory duties for which he is duly compensated by his yearly salary, which is set at a maximum of $6,000. The Congress, in finally approving the Act, eliminated special payment for certain items such as equipment and supplies, transcripts of pleas and proceedings in connection with the imposition of sentences in criminal cases, and transcripts furnished for the personal use of the judges, and substituted therefor an increase in the proposed statutory salary, with the evident intent that the statutory salary increase constituted adequate compensation to the reporters for any such items furnished or duties performed, which were not and are not susceptible of definite ascertainment on a piecework or per page basis.[1]

Compensation for copies of transcripts delivered to the clerk is included in the

1. Conference Report 962, H. R., December 16, 1943, to accompany H. R. 3611, setting out the revised bill.

rates fixed for the original.[2] Thus, if a transcript is purchased by a party, the extra charge for the original thereof compensates the reporter for the copy filed with the clerk. If the transcript is ordered by the judge, the statutory salary likewise compensates the reporter for the copy which the statute requires him to file with the clerk. Therefore, a special payment for a transcript furnished at the request of a judge would constitute dual compensation.

The lower court did not err in disallowing appellant's claim because the Court Reporter Act, supra, expressly requires the appellant to perform the exact service he performed without special compensation therefor. The judgment appealed from is affirmed.

Affirmed.

2. Senate Report No. 553, Calendar 541, p. 8, to accompany S. 620.