28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NEW HAMPSHIRE INSURANCE COMPANY, Plaintiff-Appellee,
v.
BLAZE CONSTRUCTION, INC., Defendant-Appellant.
 No. 93-35096.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1994.
Decided June 20, 1994.
 
 Before: WRIGHT, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 New Hampshire Insurance billed Blaze Construction $551,562 for unpaid premiums due on a workers compensation policy. Blaze asserted that New Hampshire improperly calculated the premium and counterclaimed. District Judge McDonald granted summary judgment to New Hampshire and dismissed the counterclaim sua sponte. Blaze appeals. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, reverse in part, and remand in part.
 
 INCLUSION OF SUBCONTRACTORS' EMPLOYEES
 
 3
 Judge McDonald did not err in his de novo review of Magistrate Judge Hovis' report. Spaulding v. University of Washington, 676 F.2d 1232, 1235 (9th Cir.1982) (due process requires de novo review by district court, absent direct appeal to circuit court). He had discretion to ignore Blaze's additional affidavits, proffered only a few days after Judge Hovis' unfavorable report but more than five months after New Hampshire moved for summary judgment. See Spaulding, 676 F.2d at 1235 (court has discretion to consider fresh evidence and is not limited to record before magistrate judge); 28 U.S.C. Sec. 636(b)(1) (district "judge may also receive further evidence" when reviewing magistrate judge's report) (emphasis added).[1]
 
 
 4
 Nor did he abuse his discretion by declining to strike portions of Diane Legere's affidavit as hearsay. McGonigle v. Combs, 968 F.2d 810, 818 n. 6 (9th Cir.) (evidentiary rulings reviewed for abuse of discretion), cert. dismissed, 113 S.Ct. 399 (1992). Blaze confuses credibility with admissibility. See Paddack v. Dave Christensen Inc., 745 F.2d 1254, 1258 (9th Cir.1984) (business record admissible if contemporaneously made by person with personal or transmitted knowledge, and making and keeping a regular business activity).
 
 
 5
 Ms. Legere was the Regional Underwriting Manager for New Hampshire. She could authenticate their business records on the Blaze policy. Washington Cent. R. Co. v. National Mediation Bd., 830 F.Supp. 1343, 1353 (E.D.Wash.1993) (personal knowledge required for summary judgment affidavit may come from review of files and records) (citing Londrigan v. FBI, 670 F.2d 1164, 1174-75 (D.C.Cir.1981) and Vote v. United States, 753 F.Supp. 866, 868 (D.Nev.1990), aff'd, 930 F.2d 31 (9th Cir.1991)).
 
 
 6
 Judge McDonald did not err in granting New Hampshire's adequately supported motion for summary judgment as to the inclusion of the subcontractors' employees.[2] Under the terms of the policy, the premium was calculated using Blaze's payroll records for "all other persons engaged in work that could make us liable ... [unless] you give us proof that employers of these persons lawfully secured their workers compensation obligations."[3] New Hampshire included the subcontractor employees listed on Blaze's payroll records after Blaze failed to provide proof of independent coverage.
 
 
 7
 Blaze failed to timely come forward with specific facts showing a genuine dispute about the inclusion. Its response affidavits were but conclusory denials and bare allegations of ultimate facts. See Brandwein v. California Bd. of Osteopathic Examiners, 708 F.2d 1466 (9th Cir.1983) (allegation of ultimate fact insufficient).
 
 WASHINGTON INSURANCE LAW
 1. WAC Sec. 284-30-590
 
 8
 Blaze argues that New Hampshire violated Washington Administrative Code (WAC) Sec. 284-30-590 when it retroactively increased the "experience modification" from 1.00 to 1.31.[4] Blaze raised the issue in the first Strickland declaration in opposition to New Hampshire's motion for summary judgment, where it objected to portions of the Legere declaration. It also attached two letters showing that New Hampshire used an experience modification of 1.31. Other evidence shows that the original policy had an experience modification of 1.00.
 
 
 9
 The district court reasoned that the increase in experience modification was a "premium revision" under WAC 284-30-590(7)(b). It said that New Hampshire "billed for a retroactive premium increase based on incomplete information from [Blaze] concerning total payroll." It also said the "policy's provision for premium audits is precisely intended to uncover any information not available at the commencement of the policy."
 
 
 10
 Blaze admits that the "parties understood the initial premium was an estimate, based on incomplete information which would be adjusted at the end of the policy term based on the actual as opposed to the estimated payroll. This is the type of premium revision contemplated by WAC 284-30-590(7)."
 
 
 11
 But it is unclear whether the change in experience modification was such a "premium revision" or a "rate change."[5] If it was a rate change, it is unclear whether it was based on incorrect information as required by WAC 284-30-590(7)(b).
 
 
 12
 We reverse summary judgment on this issue and remand to the district court to determine whether the increase in the experience modification was a premium revision or a rate change, and whether it could be applied retroactively.
 
 2. RCW 48.18.2901
 
 13
 Blaze asserts that New Hampshire violated RCW 48.18.2901.[6] That law requires an insurer to renew certain policies unless it gives 45 days' notice. It also requires an insurer to give 20 days' notice if it renews a policy at an increased rate or premium.
 
 
 14
 Blaze raised the issue in the first Strickland declaration. It also attached two letters from New Hampshire to support its allegation. And it argued in its motion for summary judgment that New Hampshire "did not give [Blaze] notice 20 days before expiration of the policy of its willingness to renew the policy for an increased premium payment as required by RCW 48.18.2901(1)(b)."
 
 
 15
 We disagree with the district court's conclusion that RCW 48.18.2901 did not apply because the contract of insurance was evidenced by a written binder. The policy replaced the original binder. The contract of insurance was no longer "evidenced by a written binder." It was evidenced by the policy. The plain meaning of RCW 48.18.2901(1)(d) is that an insurer is not required to renew a binder, i.e., temporary insurance, should it deny the application for insurance. But if the insurer approves the application and issues a policy, the exception no longer applies and the insurer is otherwise subject to the renewal requirements.
 
 
 16
 The issue was not moot even though New Hampshire renewed the policy for three months and Blaze did not allege any improper notice of cancellation upon expiration of the three-month policy. But Blaze alleged that the three-month policy violated RCW 48.18.2901(1) and (2) because New Hampshire increased the rates in the renewal contract without giving 20 days' notice.[7]
 
 
 17
 Under RCW 48.18.2901(1) and (2), New Hampshire was required to give Blaze 20 days' notice of the increase in premium in the renewal policy. It failed to do so. We reverse summary judgment for New Hampshire on this issue and grant summary judgment for Blaze on its defense. The amount Blaze owes New Hampshire must be offset by the difference between the new premium paid during the first 20 days of the renewal policy, and the old premium.[8]
 
 OTHER ARGUMENTS URGED BY BLAZE
 
 18
 We find no merit in Blaze's other arguments.
 
 
 19
 We review de novo and affirm the district court's ruling that 40 U.S.C. Sec. 290 applies to Blaze. Braun v. INS, 992 F.2d 1016, 1018 (9th Cir.1993). Federal laws of general application apply to Indians on reservations. United States v. Farris, 624 F.2d 890, 893 (9th Cir.1980). No exception applies. See Begay v. Kerr-McGee Corp., 682 F.2d 1311, 1319 (9th Cir.1982) (interpreting Sec. 290, holding "Indians are subject to such federal laws of general application, ... and the exercise of state jurisdiction over [Indian employee vs. Indian employer employment injury] claims does not, even minimally, infringe upon or frustrate tribal self-government."). Regardless, Blaze failed to raise a genuine dispute because it failed to show which employees and subcontractors were Indian and which payroll manhours were performed for Indian agencies on reservations.
 
 
 20
 Because Judge McDonald "considered evidentiary matters beyond [Blaze's] complaint, including affidavits," we review the dismissal of Blaze's counterclaim de novo as a grant of summary judgment. International Longshoremen's and Warehousemen's Union Local 32 v. Pacific Maritime Ass'n, 773 F.2d 1012, 1019 (9th Cir.1985). We affirm.
 
 
 21
 Blaze could not show a genuine issue of fact about the premium calculation in response to New Hampshire's motion for summary judgment. Nothing indicates that New Hampshire acted in bad faith. The affidavits purportedly showing that New Hampshire "erroneously, improperly and in bad faith ... defended, handled and settled claims" were conclusory.[9]
 
 
 22
 Finally, we review for abuse of discretion the decision not to strike New Hampshire's allegedly late responses. See Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir.1991). We affirm. Even if New Hampshire's response was late, Blaze replied and was not prejudiced. Cf. CIA. Petrolera Caribe, Inc. v. ARCO Caribbean, Inc., 754 F.2d 404, 408-10 (1st Cir.1985) (abuse of discretion to allow untimely pleading without giving opposing party opportunity to review and reply to it). Its other arguments lack merit.
 
 CONCLUSION
 
 23
 We affirm the summary judgment for New Hampshire on Blaze's counterclaim. Blaze failed to show bad faith. We affirm in part the summary judgment for New Hampshire on its claim. Blaze failed to show a genuine issue of material fact about whether New Hampshire improperly included subcontractor employees in the premium.
 
 
 24
 We reverse in part summary judgment for New Hampshire and remand. There is a material issue of fact about whether the increase in the experience modification violated WAC Sec. 284-30-590.
 
 
 25
 Finally, we reverse summary judgment for New Hampshire on the issue of New Hampshire's failure to give Blaze 20 days' notice before increasing the premium in the renewal policy. We grant summary judgment for Blaze on its defense. The amount Blaze owes New Hampshire must be offset by the difference between the new premium paid during the first 20 days of the renewal policy, and the old premium. We note that the district court must first determine whether the old premium includes an experience modification of 1.00 or 1.31.
 
 
 26
 AFFIRMED IN PART; REVERSED IN PART, REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Blaze argues that Judge Hovis lacked jurisdiction when he issued his report. This argument lacks merit. His decision to proceed immediately under Sec. 636(b)(1) allowed Blaze to argue new legal theories (e.g., on Washington insurance law) before the district court. See United States v. George, 971 F.2d 1113, 1118 (4th Cir.1992) (no discretion to refuse to consider new legal theories raised for first time on de novo review using facts in record before magistrate judge). So it was hardly prejudiced
 But Blaze's immediate consent to proceeding under Sec. 636(c) indicates that it knew a decision was forthcoming and that a F.R.C.P. 56(f) motion asserting its claimed computer problems would have been timely and proper. See Ashton-Tate Corp. v. Ross, 916 F.2d 516, 519-20 (9th Cir.1990) (motion must be made before the hearing).
 
 
 [2]
 We review de novo the grant of summary judgment, viewing the evidence in the light most favorable to Blaze to see if there is any genuine issue of material fact requiring a trial. F.D.I.C. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992)
 
 
 [3]
 Blaze argues that it was not the "statutory employer" of the subcontractor employees, so the employees were not "engaged in work that could make [New Hampshire] liable." Cf. United States v. Sacramento Municipal Utility Dist., 652 F.2d 1341, 1344 (9th Cir.1981) (ambiguity in contract creates genuine issues of material fact). But the generic independent contractor "right to control" tests that it quotes require operative facts missing from Blaze's affidavits
 
 
 [4]
 Neither party explained what an experience modification is. And at oral argument, counsel for New Hampshire said that it is determined on the basis of claims history. But we do not know if New Hampshire had all the information that it needed to determine the experience modification in March 1989 when it issued the policy or if it included claims history for the coverage period
 
 
 [5]
 The record does not support the district court's conclusion that the increase in the experience modification was no different than the increase in the premium basis
 
 
 [6]
 We review de novo a district court's interpretation of state law. Brooks v. Hilton Casinos, Inc., 959 F.2d 757, 759 (9th Cir.), cert. denied, 113 S.Ct. 300 (1992)
 
 
 [7]
 Blaze also argued that New Hampshire was required to renew the policy for another year. But the statute does not support that argument
 
 
 [8]
 Blaze is not entitled to an offset for the difference in premium for the entire three months because the statute does not prevent "an insurer from making changes in the rates ... of the policy once during the term of its renewal after at least twenty days' advance notice." New Hampshire gave notice when it renewed the policy at the higher premium. The only requirement is that those rates not be effective for at least twenty days after the notice
 
 
 [9]
 The court considered dismissing this portion of the claim as a sanction for discovery violations. It indicated that it did dismiss the claim. But it proceeded as if granting summary judgment sua sponte under F.R.C.P. 56(c). Because this claim is nearly a mirror-image of Blaze's "offset" affirmative defense, the district court did not err. United States v. Grayson, 879 F.2d 620, 625 (9th Cir.1989) ("court may grant summary judgment [on a counterclaim] without notice if the ... [counterplaintiff] has had a full and fair opportunity to ventilate the issues involved" through summary judgment on an affirmative defense to the original claim)