67 F.3d 311
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul A. WRIGHT, Plaintiff-Appellant,
v.
Neal BROWN, Superintendent; Bob Shaw, Assoc.
Superintendent; Mark Crewson; Abe Clark; Larry
Kincheloe, Superintendent, et al.,
Defendants-Appellees.
 No. 94-35486.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1995.*
Decided Sept. 25, 1995.
 
 1
 Before: BEEZER and HAWKINS, Circuit Judges, and TEVRIZIAN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Paul Wright appeals a summary judgment grant in favor of all defendants in a civil rights suit brought by Wright under 42 U.S.C. Secs. 1983, 1985 and 1986. Defendant Clark, the mailroom sergeant at the prison where Wright is located, misinterpreted a statement in a policy manual--that incoming mail "should" include the prisoners' Department of Corrections identification number ("DOC number") in the address--to mean that the DOC numbers were mandatory. See DOC Policy 450.020(4)(a). Wright's claims arise out of the rejection of his mail during a six-day period pursuant to Clark's misinterpretation. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 I. Adoption of the Magistrate's Report and Recommendation
 
 
 5
 Wright argues that the district court failed to conduct its own de novo review of the magistrate's report and recommendation, but merely "rubber-stamped" the magistrate's findings. See United States v. Remsing, 874 F.2d 614, 616-18 (9th Cir.1989) (holding that when a party objects to factual findings in the magistrate's report, the district court must conduct a de novo determination); Spaulding v. University of Washington, 676 F.2d 1232, 1235 (9th Cir.1982) ("It is settled law that the district court must undertake a proper review of the portion of a magistrate's findings to which a party objects."); 28 U.S.C. Sec. 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report ... to which objection is made.").
 
 
 6
 Contrary to Wright's assertions, however, the district court in this case did conduct a de novo review of the magistrate's report. In the order granting the defendants' summary judgment motions, the court stated that it had reviewed Wright's complaint, the defendants' motions, Wright's oppositions to the motions, the magistrate's first and second report and recommendation, and the remaining record. This review was entirely adequate. Once it had conducted this de novo review of the record, the court accepted the magistrate's recommendation as allowed by 28 U.S.C. Sec. 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."). The district court committed no error in its review of the magistrate's report and recommendation.
 
 II. Admission of Exhibits
 
 7
 Wright also complains that the district court improperly considered two exhibits submitted by defendants in support of their first summary judgment motion. The exhibits were copies of grievances filed by other inmates whose mail had been misdelivered because no DOC number appeared on the envelopes. Defendants submitted these exhibits to support their claim that defendant Clark's interpretation of the mailroom policies as requiring DOC numbers was justifiable. Wright argues that the redaction of the names and DOC numbers on the exhibits undermined their usefulness as evidence, so the court should not have considered them. This argument lacks merit. The names and DOC numbers were redacted in order to protect the privacy and safety of the inmates who filed the grievances. Their identity was not relevant to the purpose for which the exhibits were offered.
 
 
 8
 Wright's contention that the exhibits were improperly considered because the grievances were filed in August and September 1991, while the conduct of which he complains occurred in May 1991, also lacks merit. The exhibits were relevant to the defendants' contention that mail could be misdelivered if the address did not contain a DOC number. That the particular grievances were filed after Wright's claims arose does not undermine their usefulness as evidence that the lack of DOC numbers would make misdelivery more likely. The district court did not abuse its discretion by admitting the exhibits.
 
 III. Summary Judgment
 A. Rejection of Mail Claim
 
 9
 Wright argues that the district court erred by granting the defendants' summary judgment motion on qualified immunity grounds. He claims that his right to receive mail was clearly established and that a reasonable person in the defendants' position would have known the rejection of mail with no DOC number in the address would violate that right. See Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993) (two-pronged qualified immunity test).
 
 
 10
 That prisoners have a clearly established constitutional right to receive mail free from unjustified governmental interference cannot reasonably be disputed. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Turner v. Safley, 482 U.S. 78, 89 (1987). Therefore, the only remaining issue is whether the defendants reasonably could have believed that their conduct did not violate that clearly established right.
 
 1. Defendants Clark and Smith
 
 11
 In May 1991, acting on his misinterpretation of the mail policy, Clark began rejecting as "undeliverable" all mail that did not include the DOC number. Pursuant to Clark's instructions, defendant Smith also rejected some of Wright's mail. Clark continued to act on his misinterpretation for six days, until prisoner complaints prompted him to seek clarification of the policy. Immediately after learning that his interpretation was incorrect, Clark began delivering the mail, DOC number in the address or not, as long as the addressee was reasonably identified. He instructed his staff to do so as well.
 
 
 12
 We hold that a reasonable person in Clark's and Smith's position would not have known that Clark's interpretation violated Wright's constitutional right to receive his mail. As demonstrated by the grievances attached as exhibits to the defendants' summary judgment motion, problems do arise if mail is misdelivered. Given the potential trouble an incomplete address could cause, Clark's belief that DOC numbers were mandatory was reasonable. Smith's reliance on Clark was also reasonable. The district court correctly determined that Clark and Smith were entitled to qualified immunity.
 
 
 13
 2. Defendants Brown, Shaw, Crewson, Kinsloe and Spalding
 
 
 14
 ("The Supervising Defendants")
 
 
 15
 The district court concluded that the supervising defendants were entitled to summary judgment because the only potential basis for liability was on a theory of respondeat superior. A Sec. 1983 suit cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989); Monell v. Department of Social Servs., 436 U.S. 658, 694 n. 58 (1978).
 
 
 16
 Although difficult to discern from his complaint, Wright seems to argue that these defendants were personally liable because they failed to adequately train the mailroom personnel or by not remedying the problem as soon as the became aware of it. Wright has not adequately proved his allegations regarding the supervising defendants' failure to train their subordinates. His evidence on this claim is nothing more than supposition and conjecture. The district court correctly granted summary judgment on this claim.
 
 
 17
 Wright's "failure to remedy" claim also fails. Even if Wright's evidence established that the supervising defendants were aware of Clark's mail rejection policy, they still would not be liable. We have determined that Clark's interpretation of the mail policy was not unreasonable. See supra, section III.A.1. The supervising defendants cannot be liable for failing to remedy a reasonable error. The district court properly granted the supervising defendants' summary judgment motion on Wright's "failure to remedy" claim.
 
 B. Retaliation Claim
 
 18
 In Wright's amended complaint he alleges that the defendants retaliated against him for filing this lawsuit by rejecting some of his outgoing mail and by issuing an infraction for "unauthorized use of the mail." Wright appeals the district court's order granting the defendants' motion for summary judgment on this claim.
 
 
 19
 In order to survive a summary judgment motion, the party who will bear the substantive burden of proof at trial (in this case, Wright) must go beyond the pleadings and present specific facts showing there is a genuine issue for trial. Anderson, 477 U.S. at 250-52; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Thus, in order to avoid summary judgment, Wright must do more than allege retaliation because of the exercise of his First Amendment rights in bringing the lawsuit; he must also present some evidence that the prison authorities' retaliatory action did not advance legitimate penological interests or was not narrowly tailored to meet those interests. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). Wright has not met this burden. He offers nothing more than the fact that the defendants rejected his outgoing mail and issued the infraction shortly after he filed the lawsuit. The district court properly granted summary judgment in favor of all defendants on Wright's retaliation claim.
 
 C. Civil Conspiracy Claims
 
 20
 The district court granted summary judgment for the defendants on Wright's civil conspiracy claims under 42 U.S.C. Secs. 1985 & 1986. Wright does not challenge the grant of summary judgment under Sec. 1985(3), but claims the district court erred by not also considering his claim under Secs. 1985(2) and 1986. We can affirm the grant of summary judgment on any ground supported by the record, even if not considered by the district court. United States v. Hemmen, 51 F.3d 883, 891 (9th Cir.1995); Iolab Corp. v. Seaboard Sur. Co., 15 F.3d 1500, 1504 (9th Cir.1994). Therefore, the court's failure to mention Secs. 1985(2) and 1986 will not lead to reversible error if the record supports summary judgment on those claims.
 
 
 21
 Section 1985(2) prohibits a conspiracy "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully." On its face, Sec. 1985(2) does not apply to the facts of this case. Wright does not claim that the defendants conspired to deter him from attending or testifying in federal court; rather he claims to have been retaliated against for filing papers with the court. This is not the type of conduct Sec. 1985(2) was designed to address. See, e.g., Kimble v. D.J. McDuffy, Inc., 648 F.2d 340, 347-48 (5th Cir.) (en banc) (filing of lawsuits did not constitute "attending" court within the meaning of the statute), cert. denied, 454 U.S. 1110 (1981); Herrera v. Scully, 815 F.Supp. 713, 726 (S.D.N.Y.1993) (prison officials' interference with filing of lawsuit by inmate did not violate Sec. 1985(2)). Therefore, summary judgment was appropriate on Wright's Sec. 1985(2) claim.[1]
 
 D. Due Process Claims
 
 22
 Wright complains that the district court failed to address adequately his allegations that his disciplinary hearing violated the Due Process Clause. Recently, the Supreme Court clarified the standards applicable to prisoner due process claims. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995) (disciplinary confinement implicates a liberty interest only if it "imposes an atypical and significant hardship on an inmate in relation to ordinary incidents of prison life"). Since "administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration," Hewitt v. Helms, 459 U.S. 460, 468 (1983), Wright's disciplinary confinement does not impose on him "atypical or significant hardship" within the meaning of Sandin. Since Wright cannot demonstrate that his disciplinary confinement implicated a protected liberty interest, there is no need to examine the adequacy of the procedures afforded to him. The district court properly granted summary judgment on Wright's due process claim.
 
 IV. Injunctive Relief
 
 23
 Finally, Wright argues that the district court erred by ignoring his request for injunctive relief. However, Wright lacks standing to seek an injunction. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974). The non-delivery of Wright's mail lasted for six days in May 1991. Once the defendants learned of Clark's erroneous interpretation, they took steps to remedy the situation, and there is no indication that Wright has experienced difficulty receiving his mail since. There is no ongoing violation, so Wright has no basis for injunctive relief.
 
 V. Conclusion
 
 24
 The district court's orders granting summary judgment are AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Dickran M. Tevrizian, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wright's Sec. 1986 claim is dependent on his Sec. 1985 claims. Since we have determined the court correctly granted summary judgment under Sec. 1985, we need not address Wright's Sec. 1986 arguments