NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN ULLOA,

Plaintiff - Appellant,

v.

NEVADA GOLD MINES, LLC,

Defendant - Appellee.

No. 24-1759

D.C. No.
3:21-cv-00495-RCJ-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted June 9, 2025
San Francisco, California

Before: S.R. THOMAS and M. SMITH, Circuit Judges, and RAYES, District
Judge.[**]

Plaintiff-Appellant Juan Ulloa formerly worked for Barrick Goldstrike

Mines Inc. ("Barrick"), the predecessor-in-interest to Defendant-Appellee Nevada

Gold Mines, LLC ("NGM"). Ulloa injured his back in a work-related incident on

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

June 4, 2019, and was placed on paid leave while he recovered. On October 2, 2019, a doctor cleared him to return to work without restriction. Barrick, however, kept Ulloa on paid leave while it investigated whether he violated company policy by not immediately reporting the June 4 incident. Barrick terminated Ulloa on October 16, 2019, after concluding he had violated company policy.

Ulloa sued NGM, claiming Barrick violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and a comparable provision of Nevada state law, Nev. Rev. Stat. § 613.330,[1] by terminating him because of his alleged disability and failing to accommodate the same. At the motion-to-dismiss stage, the district court narrowed the scope of Ulloa's failure-to-accommodate claim to the period after the doctor released him to unrestricted work, finding Barrick reasonably accommodated Ulloa before then by placing him on paid leave. During discovery, a magistrate judge held a hearing during which he resolved some deposition-related disputes. Ulloa moved for an extension of time to object to the magistrate judge's rulings and, while that motion was pending, filed an untimely objection. The district court denied Ulloa's motion to extend the objection deadline and struck Ulloa's untimely objection. Later, the district court granted summary

---

[1] The standards governing federal ADA claims also govern claims of disability discrimination under Nev. Rev. Stat. § 613.330. See *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005) ("[Nevada] look[s] to the federal courts for guidance in discrimination cases."). Accordingly, for ease, we analyze Ulloa's disability discrimination claims solely under the federal ADA framework.

judgment for NGM.

Ulloa timely appealed. He argues the district court erred by (1) narrowing the scope of his failure-to-accommodate claim, (2) granting summary judgment on his disability discrimination claims, and (3) striking his objection to the magistrate judge's discovery rulings instead of extending the objection deadline. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court properly narrowed the scope of Ulloa's failure-to-accommodate claim. Ulloa's second amended complaint acknowledged he was placed on paid leave following his workplace injury. "A leave of absence for medical treatment may be a reasonable accommodation under the ADA." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1135 (9th Cir. 2001). Though Ulloa complained he was not offered light duty work, an "employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (quoting *EEOC v. Yellow Freight Sys. Inc.*, 253 F.3d 943, 951 (7th Cir. 2001) (en banc)). Ulloa could not plausibly prove a failure-to-accommodate claim for the four-month period before October 2, 2019, when he was on leave to recuperate from his workplace injury. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008), *as amended* (July

24, 2008) (explaining dismissal is appropriate when a claim is facially implausible).

2. The district court properly granted summary judgment for NGM. "The ADA prohibits an employer from discriminating 'against a qualified individual with a disability because of the disability.'" *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (quoting 42 U.S.C. § 12112(a) (1999)). To establish a prima facie case of disability discrimination, a plaintiff must proffer evidence that (1) he is disabled within the meaning of the law, (2) he is qualified, with or without a reasonable accommodation, to perform the essential functions of the job, and (3) his employer denied a reasonable accommodation for his disability or subjected him to an adverse employment decision because of his disability. *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir. 1996); *see also Humphrey*, 239 F.3d at 1133. Ulloa cannot establish a prima facie case because, at the time of the alleged adverse employment actions, a doctor had released him to unrestricted work. *See Garcia v. Salvation Army*, 918 F.3d 997, 1010 (9th Cir. 2019) ("A doctor's release to work without restrictions supports a finding that a person no longer suffers from a 'disability.'"); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1112 (9th Cir. 2000) ("[O]ne must be discriminated against 'because of the disability'—which requires that the disability exist at the time of the discrimination . . . ."). In arguing otherwise, Ulloa points to post-

termination records that did not exist at the time Barrick terminated him, and therefore are insufficient to create a genuine issue of material fact. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

3. The district court did not abuse its discretion when it denied Ulloa's motion for an extension of time to object to the magistrate judge's discovery rulings and struck his objection as untimely. Ulloa moved for an extension because he did not receive a hearing transcript until the day his objection was due. *See* Fed. R. Civ. P. 72(a) (setting a 14-day deadline in which to object to non-dispositive magistrate judge orders). The district court found Ulloa could have filed his objection within the original deadline based on the magistrate judge's minute order alone. This finding is neither illogical, implausible, nor without inferential support from the record. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). Ulloa's attorney participated in the discovery hearing and should have sufficiently understood the magistrate judge's rulings. Ulloa could have prepared a draft of his objections in advance and reviewed the transcript on the final day, making any appropriate adjustments in time to meet the existing deadline. *See Spaulding v. Univ. of Wash.*, 676 F.2d 1232, 1236 n.2 (9th Cir. 1982) (noting "it would be appropriate for a district court to require parties to file initial objections

before a transcript . . . can be prepared and reviewed," while "delay[ing] its review of the magistrate's findings until the parties have had a chance to review and comment on the transcript"); *see also United States v. Lewis,* 308 F.2d 453, 461 (9th Cir. 1962) (finding no abuse of discretion where the district court denied "an extension of time to secure a transcript merely to search for error in an effort to avoid a result with which [the litigant] was displeased," particularly where the litigant "wholly failed to specify to the district court the uses the transcript would serve in presenting objections which it had in mind").

**AFFIRMED.**