**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Errol F. REMSING; and Jerry H. Defoor, Defendants–Appellees.**

**No. 88–3007.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 31, 1988.

Decided Jan. 31, 1989.

Nancy K. Stoner, Dept. of Justice, Land and Natural Resources Div., Washington, D.C., for plaintiff-appellant.

Dick L. Madson, Fairbanks, Alaska, for defendants-appellees.

Before SKOPIL, Jr., NELSON and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Defendant Remsing was under investigation by the State Fish and Game Protection Officers. On May 2, 1986, the State obtained a search warrant to put a hidden transmitting device on Remsing's aircraft. The State also obtained warrants authorizing the search of Remsing's house, dental office and aircraft. Guns, ammunition, ani-

mal hides, skulls, antlers, pilot logs, and videotapes, photographs, diaries and records of the hunting trips were seized pursuant to these warrants.

Before formal charges were filed, Remsing filed a motion in state court to suppress and return the evidence. Prior to the state court's ruling on Remsing's motion, the United States decided to prosecute the case and obtained a search warrant from a magistrate of the state court. Pursuant to the federal warrant, the evidence was transferred to federal custody on May 8, 1987. The state court eventually granted defendant Remsing's motion.

The defendants were charged by indictment for violating state and federal game laws and filed a motion in district court to suppress the evidence seized pursuant to the federal and state warrants. Pursuant to 28 U.S.C. § 636(b)(1), the district court referred the motion to a federal magistrate for findings and recommendations.

The magistrate held three days of evidentiary hearings and issued an oral report recommending that defendant's motion be granted. The United States objected to virtually every finding made by the magistrate. The day before the district court entered its oral findings, the magistrate filed a supplemental report and recommendation rejecting the United States' objections.

In reviewing these submissions, the district court commented, "I have difficulty here because of the lack of specificity of findings of fact made by the magistrate ... if I had a few pages of findings of fact so that I could form a legal judgment based upon [the magistrate's] findings of fact, and [if I had] precise challenges to precise findings of fact so that I could know what parts of the record to go into to see whether [the magistrate] had an adequate basis for them." Nevertheless, the district court attempted to perform a de novo review on this record. After hearing arguments of counsel, the district court adopted the magistrate's recommendation and granted defendant's motion to suppress the evidence seized pursuant to the state and federal search warrants.

The stenographic notes from the magistrate's hearing were not, however, transcribed at the time of the district court's review, precluding the possibility that the district court reviewed the transcript prior to its ruling. The record does not indicate that the district judge listened to the tape-recordings of the proceeding. The record does specify that the district judge reviewed the state court transcript, state court findings of fact, and the magistrate's report and recommendation.

■■■ The defendant first argues that this appeal should not proceed because the United States has waived its right to have this court consider the district court's failure to make a de novo determination by not raising in the district court its objections to the district court's failure to do a de novo review. This argument is meritless. The district court is in an 'appellate' role when reviewing the magistrate's findings and recommendations; its function is to correct those findings made by the magistrate when the litigant has identified a possible error. *See United States v. Schronce,* 727 F.2d 91, 94 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984) (Congress had lodged the primary responsibility for supervision of the federal magistrate's functions with the district court). The United States requested that the district court do a de novo determination of its specific objections to the magistrates findings and recommendations. Pursuant to section 636(b) of the United States Magistrates Act, the district court has a statutory obligation to do a de novo determination of those portions of the magistrate's record to which the United States objected. The district court is bound to follow the law and the appropriate forum for the United States to appeal the failure of the district court to do so is in the courts of appeals.

The United States contends that the district court did not comply with the minimum statutory requirements for review of the magistrate's findings as set forth in the United States Magistrates Act.

The delegation of matters to a magistrate is governed by the United States

Magistrates Act, 28 U.S.C. §§ 631–639 (1982), which sets forth the matters properly referrable. 28 U.S.C. § 636. Subject to certain exceptions, not relevant here, the district judge may designate a magistrate to hear and determine pretrial matters pending before the court. 28 U.S.C. § 636(b)(1)(A). Matters so delegated may be reconsidered by the district court when the magistrate's order is clearly erroneous or contrary to law. *Id.* A district judge may also designate a magistrate to conduct hearings and to submit to the court proposed findings of fact and recommendations for disposition of the matter. 28 U.S.C. § 636(b)(1)(B). This procedure does not offend Article III of the Constitution so long as there is a de novo review by the district court. *Id.; United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

*United States v. Peacock,* 761 F.2d 1313, 1317 (9th Cir.1985).

In this case, the district court's referral of the suppression motion to the magistrate was properly delegated under 28 U.S.C. § 636(b)(1)(B). After an evidentiary hearing, the magistrate made findings and recommended that defendant's motion to suppress evidence be granted. The United States filed written objections to these proposed findings and recommendations as provided in section 636(b), thereby preserving its right to a de novo review in the district court. *United States v. Bernhardt,* 840 F.2d 1441, 1445 (9th Cir.1988). *See Henderson v. Carlson,* 812 F.2d 874, 878–79 (3rd Cir.), *cert. denied,* ──── U.S. ────, 108 S.Ct. 120, 98 L.Ed.2d 79 (1987).

"A [district] judge ... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district judge may also receive further evidence or recommit the matter to the magistrate with instructions. *Id.* In *Orand v. United States,* this court set forth the following procedures:

If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law.

The district court, on application, shall listen to the tape recording of the evidence and proceedings before the magistrate and consider the magistrate's proposed findings of fact and conclusions of law. The court shall make a de novo determination of the facts and the legal conclusions to be drawn therefrom.

The court may call for and receive additional evidence. If it finds there is a problem as to the credibility of a witness or witnesses or for other good reasons, it may, in the exercise of its discretion, call and hear the testimony of a witness or witnesses in an adversary proceeding. It is not required to hear any witness and not required to hold a de novo hearing of the case.

Finally, the court may accept, reject or modify the proposed findings or may enter new findings. It shall make the final determination of the facts and the final adjudication of the motion to suppress.

602 F.2d 207, 208 (9th Cir.1979), quoting *Campbell v. United States District Court,* 501 F.2d 196, 206–07 (9th Cir.), *cert. denied,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974).

As pointed out by the United States, rather than review the proceedings before the magistrate, the district court relied almost exclusively on the findings made by the state court and the state transcript in completing its review.

The Supreme Court has indicated that it is not necessary that a district court hold a de novo hearing under section 636(b)(1) to resolve credibility issues when a suppression hearing has been referred to a magistrate, *United States v. Raddatz,* 447 U.S. 667, 673–76, 100 S.Ct. 2406, 2411–13, 65 L.Ed.2d 424 (1980); accordingly, the district court is entitled to rely upon the magistrate's recommendations when making its decision on the motion. *United States v. Bergera,* 512 F.2d 391, 394 (9th Cir.1975) ("defendant is entitled to assurance that important factual conclusions will be drawn from the testimony and other evidence itself ... [and this] is provided if the district

court decides the motion in accordance with the recommendations of a judicial officer who observed the evidence"). Although a district court need not hold a de novo hearing under section 636(b)(1), the statutory and constitutional obligation of the district court is to arrive at its own independent conclusion about those portions of the magistrate's report to which objections are made. *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir.1983).

Unless the parties stipulate otherwise, a threshold requirement for a de novo determination is that the district court review a tape recording or a transcript of the relevant portions of the proceedings before the magistrate. *Moran v. Morris*, 665 F.2d 900, 901 (9th Cir.1981), *Gee v. Estes*, 829 F.2d 1005, 1009 (10th Cir.1987), *Spaulding v. University of Washington*, 676 F.2d 1232, 1235 (9th Cir.1982), *Wimmer v. Cook*, 774 F.2d 68, 69 (4th Cir.1985). Additionally, the district court may hold hearings on the objected-to portion of the record and it is within the district court's discretion to choose which means will afford the parties adequate review. *Spaulding*, 676 F.2d at 1235. It is wholly inadequate for the district court to review only the state transcript and record and not a transcript or tape recording of the proceedings before the magistrate when, as in this case, the United States made written objections to the findings or lack thereof of the magistrate.

Defendant next contends that the United States stipulated to less than a de novo determination in its written objections to the magistrate's proposed findings and recommendations. Specifically, the defendant contends that the United States instructed the district court that it could "resolve the issues herein on the present state of the papers on file," and that the United States thereby waived its right to have a transcript of the magistrate's proceeding reviewed by the district judge. We find this contention to be meritless. It is true that parties may agree to limit the scope of the district court's review or waive their right to a de novo review. *Spaulding*, 676 F.2d at 1235. We do not read the United

States' request for the district court to resolve the issues on the present state of the file as a stipulation or agreement that the district court not review the proceedings of the magistrate. Neither party proposed that the district court forego its statutorily mandated de novo review of the evidentiary hearing; rather, the United States specifically requested that the district court make a de novo determination of the record to which it objected. Accordingly, this is not a case in which parties have waived their right to a de novo determination by the district court.

"[A]n appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." *Hernandez*, 711 F.2d at 620 quoting *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir.1981) (per curiam). *See United States v. Raddatz*, 447 U.S. 667, 673–77, 100 S.Ct. 2406, 2411–13, 65 L.Ed.2d 424 (1980) (requirement that the district court make the ultimate decision was central in Congress' effort to draft § 636(b) without Article III infirmity).

When a party objects to factual findings based on testimony, the district court must clearly indicate that it is conducting a de novo determination rather than a review under the clearly erroneous standard. *Gee v. Estes*, 829 F.2d 1005, 1009 (10th Cir.1987). Without specific findings of fact and recommendations by a magistrate, without specific objections relating to such findings by the United States, and finally without a transcript, it is impossible for the district court to perform a de novo review as required by 28 U.S.C. § 636(b)(1). Accordingly, we reverse and remand for proceedings consistent with this opinion.

REVERSED AND REMANDED.