**Marshall MARTINEZ, Plaintiff,**

v.

**Deanna ESPINAS, et al., Defendants.**

**Civil No. 95–00870 ACK/BMK.**

United States District Court,
D. Hawai'i.

May 13, 1996.

Marshall Martinez, Aiea, HI, Pro Se.

Thomas R. Keller, Office of the Attorney General—State of Hawaii, Honolulu, HI, for defendants.

## ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE'S FINDINGS AND RECOMMENDATION FILED MARCH 19, 1996 AND DISMISSING COMPLAINT

KAY, Chief Judge.

### BACKGROUND

On October 26, 1995, *pro se* plaintiff Marshall Martinez, an inmate at Halawa Correctional Facility ("HCF"), filed a 42 U.S.C. § 1983 civil rights complaint against defendants Deanna Espinas, Edwin Shimoda and Guy Hall ("Defendants"),[1] in their individual and official capacities, alleging he is not being allowed as much law library time as he is entitled to.

On February 9, 1996, after a hearing on February 6, 1996, Magistrate Kurren issued an order denying Plaintiff's request for injunctive relief but mandating that, absent exigent circumstances, he be allowed at least 6 hours of law library time at HCF each week as long as he has active cases pending in state or federal court in Hawaii and 3 hours otherwise.

On February 12, 1996, Defendants appealed the Magistrate's order, arguing that the Magistrate exceeded his authority under Local Rule 401–4(a), which provides that with respect to motions for injunctive relief the Magistrate is to submit proposed findings of fact and recommendations for disposition, and that the order improperly micromanages the HCF law library and fails to justify

---

1. According to Plaintiff's complaint, Deanna Espinas is the library services officer at Halawa Medium Security Facility ("HMSF"), Edwin Shimoda is division administrator at HMSF, and Guy Hall is the warden of HMSF.

offering, to Plaintiff alone, relief in excess of this district's prior rulings. *See Uta v. Falk,* Civil No. 88–00577 HMF (D.Haw. March 31, 1989) (policy of Hawaii prisons to allow 3 hours of law library time per week with possibility of 3 additional hours per week is constitutionally sufficient for inmates with pending litigation); *Secord v. Frank,* Civil No. 92–00083 ACK (D.Haw. December 7, 1992) (same).

On February 16, 1996, this Court vacated and remanded the Magistrate's February 9, 1996 order, stating that "on remand, any recommendation that Plaintiff receive more HCF law library access than other inmates generally will have to be supported by specific findings justifying such relief."

On March 19, 1996, in response to this Court's February 16, 1996 order, the Magistrate issued a findings and recommendation ("F & R") that Plaintiff's motion for immediate injunctive relief be denied because, inasmuch as HCF's policy allowing 3 hours per week of library access with the possibility of 3 additional hours per week ("3 + 3") satisfies the Constitution according to district precedent, Plaintiff cannot show a likelihood of success on the merits. F & R at 3–4.

However, upon a finding that "Plaintiff has substantial pending litigation [three docketed cases in this district and five on appeal before the Ninth Circuit]," the Magistrate also recommended that "for the court's assistance in the proper litigation of Plaintiff's ongoing cases, Plaintiff should be afforded 6 hours access to the HCF law library per week [exclusive of time allotted for meals or any religious programming]." F & R at 3–4. The Magistrate recommended that this minimum 6 hours of access per week requirement last until six months from the date of adoption of the F & R or "as long as Plaintiff has more than five active cases filed in the state

or federal courts of Hawaii," whichever period is shorter. F & R at 4. Finally, the Magistrate reiterated that the recommendation applies only to Plaintiff for the reasons given and stated that the recommendation applies only "in the absence of exigent, security related circumstances [including lockdown because of security problems, prison riots, labor strikes, and critical employee shortages affecting security] that make it impossible or unreasonable for HCF to provide the recommended six hours in a particular week." F & R at 4.

Both parties have objected to the Magistrate's F & R. On March 27, 1996, Defendants filed an objection on the grounds that the Magistrate's recommendation is improper since the "3 + 3" policy satisfies the Constitution and since this Court already has ruled that Plaintiff has not shown "actual injury" under *Vandelft v. Moses,* 31 F.3d 794, 797 (9th Cir.1994). *See* Order Adopting Magistrate's Findings and Recommendation Filed November 15, 1995, and Denying Motion to Reconsider, filed December 28, 1995, at 12 ("The court thus agrees with the Magistrate's findings that the Plaintiff's Amended Complaint fails to allege facts sufficient to show that his access to the HCF law library has resulted in any *actual injury*.") (emphasis in original).

On April 1, 1996, Plaintiff filed an objection on the grounds that the Magistrate's F & R failed to rule on the underlying issue: how much library time inmates at HCF are constitutionally entitled to. Plaintiff suggests at least 10 hours per week, citing Department of Public Safety ("DPS") Policy No. COR.12.02 [2] and *Casey v. Lewis,* 43 F.3d 1261 (9th Cir.1994).

On April 9, 1996, Defendants filed a reply to Plaintiff's objection, stating that the 6

---

2. DPS Policy No. COR.12.02, effective February 11, 1994, superseded Policy No. 493.12.02, dated October 22, 1991, cited by Plaintiff. *See* Defendants' Supp. to Reply, Exh. A (Department of Public Safety, Corrections Administration Policy and Procedures: Inmate Access to Courts, Legal Services, and Legal Materials) at 1.

The relevant language in Policy No. COR.12.02 appears to be unchanged from superseded Policy No. 493.12.02. Section 4.0.10.a of Policy No. COR.12.02 states:

Inmates shall be allowed to have a reasonable amount of time to prepare their documents. However, if a facility cannot accommodate all inmates requesting maximum law library time, then the hours granted *shall* be as follows:
1. Inmates with docketed court cases: *six hours per week.*
2. Other inmate researchers: three hours per week.

Defendants' Supp. to Reply, Exh. A at 5 (emphasis added).

hours per week requirement in DPS Policy No. COR.12.02 is not binding on DPS because it was not adopted pursuant to Hawaii Revised Statutes Chapter 91, which governs the adoption of administrative rules, and that in any event conduct not conforming to Policy No. COR.12.02 does not constitute a violation of the Constitution or federal law. On April 11, 1996, Defendants filed a supplement to their reply, attaching a declaration from Deanna Espinas, the author of Policy No. COR.12.02, stating that the Policy was not instituted pursuant to H.R.S. Ch. 91, and a copy of the Policy itself.

### STANDARD OF REVIEW

Any party may object to a magistrate's case dispositive proposed order, findings, or recommendation. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 404–2. The district court must make a *de novo* determination of those portions of the magistrate's findings to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate. *Id.*

*De novo* review means the court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. *Ness v. Comm'r,* 954 F.2d 1495, 1497 (9th Cir.1992). Thus, although the district court need not hold a *de novo* hearing, the court's obligation is to arrive at its own independent conclusion about those portions of the magistrate's findings or recommendation to which objections are made. *United States v. Remsing,* 874 F.2d 614, 617 (9th Cir.1989).

The court may accept those portions of the magistrate's findings and recommendation which are not objected to if it is satisfied that there is no clear error on the face of the record. *See Campbell v. United States District Court,* 501 F.2d 196, 206 (9th Cir.1974).

### DISCUSSION

Preliminarily, the Court first notes that Plaintiff's only remaining claim is one under the Eighth Amendment. This Court's December 28, 1995 order adopted the Magistrate's recommendation that Plaintiff's right of access claim [3] be dismissed without prejudice 30 days from adoption thereof unless Plaintiff was able to amend his complaint "to allege sufficient facts to suggest (1) that the HCF limits on Plaintiff's access to the law library are unreasonable, and (2) that Plaintiff has suffered some identifiable actual injury that is specifically attributable to his right of access to the HCF law library." Order filed December 29, 1995 at 12.

Thirty days have elapsed since December 28, 1995, the date of adoption of the Magistrate's November 15, 1995 findings and recommendation, with no further amended complaint having been filed by Plaintiff. Accordingly, Plaintiff's only remaining claim is his Eighth Amendment claim. *See* Order Vacating Judgment, filed February 16, 1996 ("On February 9, 1996, a judgment was incorrectly entered in this action terminating the case. That judgment is hereby VACATED. Plaintiff's Eighth Amendment claim remains outstanding.").

■ However, Plaintiff's Eighth Amendment claim, which appears to be based on his allegations that he had to choose between going to the law library and eating meals or attending religious services, in fact is indistinguishable from his right of access claim. Plaintiff's fundamental and only claim is that the Constitution mandates more than 3 hours of access to the law library per week with the possibility of 3 additional hours per week. As long as the Constitutional minimum is met, Plaintiff has no Eighth Amendment claim. Accordingly, because Plaintiff's right of access claim already has been dismissed without prejudice, his Eighth Amendment claim must be dismissed as well.

At this point, the Court could allow Plaintiff to file yet another amended complaint to

---

**3.** The right of access to the courts, which encompasses Plaintiff's claim here of right of reasonable access to the HCF law library, " 'is founded in the Due Process Clause [of the Fourteenth Amendment].' " *Casey v. Lewis,* 43 F.3d 1261, 1266 (9th Cir.1994) (quoting *Wolff v. McDonnell,* 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974)), *cert. granted,* — U.S. —, 115 S.Ct. 1997, 131 L.Ed.2d 999 (1995).

attempt to revive his right of access claim. However, for the following reasons, the Court finds that such an attempt would be doomed to failure and that therefore Plaintiff's entire complaint must be dismissed with prejudice.

Plaintiff raises two objections to the Magistrate's F & R, one based on DPS Policy No. COR.12.02 and the other on *Casey v. Lewis,* 43 F.3d 1261 (9th Cir.1994). Neither helps Plaintiff. First, the Court notes that H.R.S. Ch. 91, the Hawai'i Administrative Procedure Act ("HAPA"), prescribes notice and hearing rulemaking procedures only for "rules":

> "Rule" means each agency statement of general or particular applicability and future effect that implements, interprets, or prescribes law or policy, or describes the organization, procedure, or practice requirements of any agency. The term does not include regulations concerning only the internal management of an agency and not affecting private rights of or procedures available to the public, nor does the term include declaratory rulings issued pursuant to section 91–8 [as to the applicability of any statutory provision or of any rule or order of the agency], nor intra-agency memoranda.

H.R.S. §§ 91–1(4), 91–8. Administrative "rules" not promulgated in accordance with the HAPA are invalid and unenforceable. *Burk v. Sunn,* 68 Haw. 80, 83, 705 P.2d 17 (1985).

Here, however, either Policy No. COR.12.02 is a "rule" within the meaning of the HAPA, in which case it is invalid and unenforceable because it was not promulgated in accordance therewith, or it is a mere "internal guideline" which does not bind DPS. *See Crosby v. State Dept. of Budget & Finance,* 76 Hawai'i 332, 345, 876 P.2d 1300 (1994) (holding that a circular issued by the state comptroller to other state department heads interpreting what types of contracts "do not admit of competition" under H.R.S. § 103–22 was not a "rule" under the HAPA but "simply an *internal guideline* that the Comptroller [or the Government] may ignore or not," inasmuch as the circular "was sent only to other state agencies and does not command or prohibit any action by any member of the public or any public employee") (emphasis in original); *Doe v. Chang,* 58 Haw. 94, 96, 564 P.2d 1271 (1977) (agency manual setting forth procedures for welfare fraud investigations was not a "rule" under the HAPA but merely a regulation concerning internal management of the agency, inasmuch as the manual did not "command the public to do anything, prohibit the public from doing anything[,] declare the rights of the public in any respect[, or] make any procedures available to the public"); *cf. Sandin v. Conner,* —— U.S. ——, ——, 115 S.Ct. 2293, 2302, 132 L.Ed.2d 418 (1995) (neither Hawaii prison regulation nor Due Process Clause afforded prisoner protected liberty interest in remaining free of segregated confinement).

*Casey v. Lewis,* 43 F.3d 1261 (9th Cir. 1994), *cert. granted,* —— U.S. ——, 115 S.Ct. 1997, 131 L.Ed.2d 999 (1995), also does not help Plaintiff. In *Casey,* a civil rights class action brought by inmates in Arizona, the Ninth Circuit held that the district court did not abuse its discretion in issuing a permanent injunction ordering, *inter alia,* that "[u]pon request, a prisoner will be permitted a minimum of ten hours of actual law library use each week; [and that] additional time shall be allowed if necessary to meet a filing or other legal deadline." *Id.* at 1273.

The Ninth Circuit in *Casey,* however, noted explicitly that "[i]t is well established that 'once a right and a violation have been shown, the scope of the district court's equitable powers to remedy past wrongs is broad'" and that "'a federal court may order relief that the Constitution would not of its own force initially require if such relief is necessary to remedy ... [that] violation.'" *Id.* at 1270 (quoting *Hutto v. Finney,* 437 U.S. 678, 688 n. 9, 98 S.Ct. 2565, 2572 n. 9, 57 L.Ed.2d 522 (1978) and *Toussaint v. McCarthy,* 801 F.2d 1080, 1087 (9th Cir.1986)).

In *Casey,* the district court was concerned primarily with the plight of prisoners in lockdown, who, *inter alia,* were denied physical access to the library in most facilities, were forced to request legal materials in writing, in some cases by exact citation, and were forced to wait days and sometimes over a week for the materials. *See Casey v. Lewis,*

834 F.Supp. 1553, 1556–57 (D.Ariz.1992). There is no indication that either the district court or the Ninth Circuit in *Casey* found that 3 hours of library access per week (with or without the possibility of 3 additional hours per week) violates the Constitution.

Nor has the Court found any other authority holding that 3 hours per week is constitutionally insufficient. *Cf. Smith v. Shawnee Library Sys.,* 60 F.3d 317, 323 (7th Cir.1995) (court noted it held in *Shango v. Jurich,* 965 F.2d 289, 291–94 (7th Cir.1992), that a policy allowing " 'about three hours [of library access] every third to fifth weekday' " was constitutional). The policy at issue here is "about three hours" every fifth weekday. Plaintiff's contention that the Ninth Circuit's decision in *Casey* has "superseded" those of Judge Fong in *Uta v. Falk,* Civil No. 88–00577 HMF (D.Haw. March 31, 1989) and this Court in *Secord v. Frank,* Civil No. 92–00083 ACK (D.Haw. December 7, 1992) accordingly is rejected.

■ The Court reaffirms this district's rulings in *Uta v. Falk* and *Secord v. Frank* and finds that HCF's "3 + 3" law library access policy is reasonable, provides "meaningful access" to the courts, and does not violate the Constitution. *See Bounds v. Smith,* 430 U.S. 817, 823, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977) (" '[M]eaningful access' to the courts is the touchstone.") (quoting *Ross v. Moffitt,* 417 U.S. 600, 615, 94 S.Ct. 2437, 2446, 41 L.Ed.2d 341 (1974)).

■ The Court also finds that HCF's "3 + 3" policy satisfies *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987) in that it is "reasonably related to legitimate penological interests," since prisoners are not entitled to "unlimited access" but " '[p]rison officials of necessity must regulate the time, manner, and place in which

library facilities are used.' " [4] *Casey v. Lewis,* 43 F.3d 1261, 1266 (9th Cir.1994) (quoting *Lindquist v. Idaho State Bd. of Corrections,* 776 F.2d 851, 858 (9th Cir.1985)); *see also Sandin v. Conner,* —— U.S. ——, ——, 115 S.Ct. 2293, 2299, 132 L.Ed.2d 418 (1995) ("[I]nvolvement of federal courts in the day-to-day management of prisons[ ] often squander[s] judicial resources with little offsetting benefit to anyone.... [F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment.").

Accordingly, inasmuch as Plaintiff's right of access claim must fail (taking along with it his Eighth Amendment claim), there is no constitutional or other violation upon which to base injunctive relief. The Court therefore declines to adopt the Magistrate's recommendation mandating more library time for Plaintiff.[5]

With respect to the unobjected to portions of the Magistrate's F & R, the Court is satisfied that there is no clear error on the face of the record and therefore adopts them.

## CONCLUSION

Per the foregoing, the Court ADOPTS IN PART AND MODIFIES IN PART the Magistrate's F & R filed March 19, 1996. The Magistrate's recommendation of injunctive relief is REJECTED. Plaintiff's complaint is DISMISSED with prejudice in its entirety.

IT IS SO ORDERED.

---

4. The Court notes Defendants' statement in their objection filed March 27, 1996 that "if Plaintiff is unable to fully prepare for court proceedings with the current allotment of constitutionally permissible law library access time, then the proper remedy for Plaintiff is to request a continuance for which Defendants would have no objection." Defendants' Objections at 2.

5. Although the Court finds Plaintiff is not legally entitled to the injunctive relief he seeks, it notes

nonetheless the Magistrate's finding that "at this juncture, for the court's assistance in the proper litigation of Plaintiff's ongoing cases, Plaintiff should be afforded six hours access to the HCF law library per week" (F & R at 3), and thus encourages the HCF administration to make an effort to so accommodate Plaintiff. This encouragement is merely precatory however and is in no way to be deemed a mandate from this Court.