Norman GOLDSTEIN, M.D., Petitioner,

v.

HAWAI'I MEDICAL SERVICE ASSOCIATION, Respondent.

No. CV03–00271 DAE/LEK.

United States District Court, D. Hawai'i.

Dec. 22, 2003.

Rafael G. del Castillo, Arleen D. Jouxson, Jouxson–Meyers & Del Castillo LLLC, Wahiawa, HI, for Norman Goldstein, M.D., petitioner.

William S. Hunt, Ellen Godbey Carson, Laura P. Couch, Alston Hunt Floyd & Ing, Honolulu, HI, for Hawaii Medical Service Association, respondent.

*ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDA-TIONS OF SEPTEMBER 9, 2003 AND GRANTING PETITIONER'S MOTION TO REMAND COM-PLAINT*

EZRA, Chief Judge.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. Having carefully reviewed the Magistrate's September 9, 2003 Findings and Recommendations Granting Motion To Remand Complaint and the supporting and opposing memoranda, the court ADOPTS the Magistrate's Findings and Recommendations and GRANTS Petitioner's Motion to Remand Complaint.

## BACKGROUND

This case concerns the arbitration clause of the Participating Physician Agreement ("PPA"), the contract that governs the relationship between Petitioner Norman Goldstein, M.D. ("Petitioner") and Respondent Hawai'i Medical Service Association ("HMSA"). On March 29, 2002, HMSA demanded a refund from Petitioner for "alleged false claims for services rendered to HMSA members between 1997 and 2001." Findings and Recommendations Granting Motion To Remand Complaint, filed September 9, 2003 ("Findings and Recommendations"), at 2. Petitioner requested an administrative review of the refund demand pursuant to Section 8.1 of the PPA, and requested that he be able to participate in the selection of the committee members conducting the review. At a meeting on May 8, 2003, a review panel chosen by HMSA, without input from Petitioner, made a determination on HMSA's refund demand. Petitioner Norman Goldstein's Memorandum of Points and Authorities ("Petitioner's Remand Memo"), at 2–3.

On the day of the hearing, May 8, 2003, Petitioner filed a Motion to Compel Arbitration ("Motion to Compel") in the First Circuit Court for the State of Hawai'i to determine whether Petitioner had a right to participate in the selection of the committee. HMSA removed the action to the Federal District Court for the District of

Hawai'i on May 30, 2003. Petitioner filed a Motion To Remand on Grounds of Lack of Jurisdiction on June 6, 2003, which the Magistrate Judge granted on September 9, 2003.

## STANDARD OF REVIEW

■ By timely filing, any party may object to a magistrate's case dispositive proposed order, findings, or recommendations. 28 U.S.C. § 636(b)(1)(B); Fed. R.Civ.P. 72(b); Local Rule 74.2. The district court must make a de novo determination of those portions of the magistrate judge's findings and recommendations to which objection is made. Fed.R.Civ.P. 72(b); *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). The court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. *Raddatz,* 447 U.S. at 672, 100 S.Ct. 2406.

■ De novo review mandates that the court consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered. *United States v. Silverman,* 861 F.2d 571, 576 (9th Cir.1988). Although it is not necessary to hold a de novo hearing, the district court must arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendations to which objections are made. *United States v. Remsing,* 874 F.2d 614, 617 (9th Cir.1989) (citing 28 U.S.C. § 636(b) (2000)). A district court is in an "appellate role" when reviewing the magistrate judge's findings and recommendations, and its function is to correct those findings made by a magistrate judge when a litigant has identified a possible error. *Id.* at 616.

## DISCUSSION

The Magistrate Judge, citing the United States Supreme Court decision in *Moses* *H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 26 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), determined that the FAA itself does not provide an independent basis for federal question jurisdiction. Findings and Recommendations, at 5. The Magistrate Judge also determined that the FAA did not preempt the state arbitration laws for purposes of removal. Findings and Recommendations, at 6. Finally, noting that the only issue raised in Petitioner's Motion To Compel was the arbitration of Petitioner's appeal of HMSA's decision not to allow him to participate in the selection of the review committee, the Magistrate Judge determined that "there is no federal question jurisdiction to support removal." Findings and Recommendations, at 7.

Petitioner argues that in seeking to compel arbitration with HMSA, he only desired to arbitrate a dispute over "the composition and selection of the physician review committee." Petitioner Norman Goldstein M.D.'s Response to Objections and Memorandum in Support of Magistrate Judge's Findings and Recommendations, filed September 9, 2003, Granting Petitioner's Motion to Remand Complaint, filed June 6, 2003 ("Petitioner's Response"), at 7. He argues that case law from the United States Supreme Court recognizes that the FAA does not preempt state arbitration law except to the extent that state law "construe[s] arbitration agreements differently from nonarbitration agreements." Petitioner's Response, at 9 (citing *Perry v. Thomas,* 482 U.S. 483, 492, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987)).

HMSA first argues that Petitioner's state law claims are preempted by the Supremacy Clause, requiring federal jurisdiction. Respondent HMSA's FRCP Rule 72(a) Objections to and Local Rule 74.1 Appeal from Magistrate Judge's Findings

and Recommendations Granting Motion to Remand Complaint ("HMSA's Memo"), filed September 9, 2003, at 7. HMSA argues that the Supremacy Clause is triggered because 1) Petitioner agreed in the PPA that the FAA would govern any arbitration concerning the contract; 2) that the FAA does apply; and 3) reliance on conflicting state law is therefore prohibited. HMSA's Memo, at 8. HMSA further argues that federal common law preemption requires federal subject matter jurisdiction, as do the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1242 (2000), and other federal laws.

### I. *Preemption of State Statutes by the FAA*

There are three types of federal preemption of state statutes: (1) express preemption (where Congress specifically states its desire to preempt conflicting state laws); (2) implied preemption (where Congress has legislated in an area to such an extent that it is reasonable to make the inference that Congress left no room for the states to legislate in that area), and (3) preemption that arises because federal and state statutes directly conflict. *See, e.g., Perry v. Mercedes Benz of N. Am., Inc.,* 957 F.2d 1257 (5th Cir.1992). The U.S. Supreme Court has recognized that the FAA "contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University,* 489 U.S. 468, 469, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). Therefore, Hawai'i arbitration law may only be preempted if it actually conflicts with the FAA.

### A. *Hawai'i Arbitration Law Does Not Conflict with the FAA*

■ The primary question in a federal preemption analysis is "whether Congress

intended that federal regulation supersede state law." 16 Am.Jur.2d Constitutional Law § 53 (2003) (citing *Louisiana Public Serv. Comm'n v. F.C.C.,* 476 U.S. 355, 106 S.Ct. 1890, 90 L.Ed.2d 369 (1986)). Congress intended that the FAA require judges to enforce contractual agreements to arbitrate, which were not enforceable at common law, just as they would any other contract term. *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 219–220, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Volt,* 489 U.S. at 478, 109 S.Ct. 1248 (quoting *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 511, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)). Courts have repeatedly articulated that the policy embodied in the FAA supports the enforcement of private agreements to arbitrate "according to their terms." *See, e.g., Volt,* 489 U.S. at 476, 109 S.Ct. 1248; *Perry v. Thomas,* 482 U.S. 483, 491, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987) (invalidating a California statute which required collection of wage claims to be decided in court, regardless of a contractual agreement to arbitrate as contrary to the Congressional intent of the FAA). In recognition of this legislative purpose, the Supreme Court has held that "the FAA pre-empts state laws which 'require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration.'" *Volt,* 489 U.S. at 478, 109 S.Ct. 1248 (quoting *Southland Corp. v. Keating,* 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)).

■ There are no such provisions in the Hawai'i Revised Statutes ("HRS"), and therefore there is no conflict mandating preemption. HRS § 658A–6(a) uses almost the exact language of the FAA. It states in relevant part "[a]n agreement ... to submit to arbitration ... is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for

the revocation of a contract." Haw.Rev. Stat. Ann. § 658A–6(a) (2002). The remaining provisions deal primarily with the procedural aspects of arbitration.

### B. *The FAA Alone Does Not Confer Federal Jurisdiction*

██ The Magistrate Judge correctly noted that the Unites States Supreme Court has definitively determined that while the FAA "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, ... it does not create any independent federal-question jurisdiction...." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Congress enacted the FAA pursuant to the Commerce Clause of the United States Constitution. Federal law governs questions regarding the validity, revocability, enforceability and interpretation of arbitration clauses that come within the scope of the FAA. *Southland*, 465 U.S. at 10–11, 104 S.Ct. 852. That scope, however, is limited to "any maritime transaction or a contract evidencing a transaction involving commerce." 9 U.S.C. § 2 (2000). "Commerce" is defined as "commerce among the several states or with foreign nations." 9 U.S.C. § 1 (2000).

The underlying contract at issue here does not involve either of these types of transactions, and therefore the federal court does not have jurisdiction to hear this claim. Parties are free to contract for the FAA to apply in a state arbitration proceeding, but the agreement to arbitrate is a contract provision, and as such is interpreted pursuant to state law.

### II. *Effect of Federal Common Law and Other Federal Laws Implicated in the Underlying Dispute*

HMSA argues that preemption is appropriate pursuant to federal common law

because removal would protect the FAA from conflicting state laws. Respondent argues that Petitioner "seeks to apply state arbitration law and displace FAA procedures and remedies with a dramatically different statutory scheme." HMSA's Memo, at 9. Respondent's argument lacks merit because the parties agreed that the FAA would control arbitration. The arbitrator in the state proceeding may appropriately apply the FAA procedures because the parties agreed that those procedures would apply. The Supreme Court of Hawai'i recognized this proposition in a case where the parties had agreed the FAA would govern any disagreements, noting that the "applicability of the FAA is the same with respect to state and federal claims and whether such claims are pursued in state or federal court." *Brown v. KFC National Management Co.*, 82 Hawai'i 226, 921 P.2d 146, 155 (1996).

██ Even if the arbitration must take place under Hawai'i arbitration rules, the FAA does not preempt the state law. The U.S. Supreme Court has noted that there is no federal policy favoring arbitration under a particular set of procedural rules. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 66, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995); *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (holding it would be illogical if "the FAA prevent[ed] the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself.").

HMSA also argues that federal jurisdiction is proper because Petitioner's Motion to Compel involves issues "arising under" other federal laws such as ERISA. This argument fails because the underlying dis-

**1264**

pute over the payments is not what Petitioner seeks to arbitrate. Instead, Petitioner merely seeks to arbitrate the issue of whether he had a right under the contract to participate in the selection of the review committee. Whether arbitration of the other issues would require federal jurisdiction is beyond the scope of this appeal, and therefore this court declines to address this issue.

A. *Federal Jurisdiction Requires Grounds Other Than the Parties' Voluntary Adoption*

The PPA provides that "arbitration will be conducted pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and such other arbitration rules as the parties may mutually agree." HMSA Participating Physician Agreement, attached as Exhibit 2 to Declaration of Rafael G. Del Castillo, at 9. While parties may validly choose to conduct their arbitration pursuant to the FAA, this choice alone does not in itself confer federal jurisdiction over issues relating to the interpretation of the contract itself. Absent other independent grounds for federal jurisdiction, these contract interpretation questions remain for the state court to decide.

Parties cannot submit themselves to federal jurisdiction voluntarily. Federal jurisdiction only exists pursuant to the Constitution and federal statutes, and therefore may not exist outside such mandates. Without diversity of citizenship or a federal question, there is no federal jurisdiction. Neither party claims diversity. As established above, the FAA itself does not confer federal question jurisdiction, and Hawai'i arbitration laws are not preempted by the FAA. Therefore, the federal court is without jurisdiction to adjudicate this claim.

The Ninth Circuit strictly construes the removal statute against remov-al, *see, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir.1992), and the burden of justifying removal falls on the party seeking to remove. *Westinghouse Elec. Corp. v. Newman & Holtzinger,* 992 F.2d 932, 934 (9th Cir.1993). In light of the forgoing analysis, this court finds that HMSA has not met its burden of demonstrating a basis for federal question jurisdiction.

*CONCLUSION*

For the reasons stated above, the court ADOPTS the Magistrate's Findings and Recommendations of September 9, 2003 and GRANTS Petitioner's Motion to Remand Complaint.

IT IS SO ORDERED.