Laquan A. HAYES, Petitioner,

v.

George J. GIURBINO, Respondent.

Civil No. 06cv2390–L(POR).

United States District Court,
S.D. California.

Jan. 14, 2008.

Laquan A. Hayes, Imperial, CA, pro se.

Attorney General, Robert M. Foster, State of California Office of the Attorney General, San Diego, CA, for Respondent.

**ORDER ADOPTING THE REPORT AND RECOMMENDATION; DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE and DIRECTING ENTRY OF JUDGMENT**

M. JAMES LORENZ, District Judge.

Laquan A. Hayes, a *pro se* state prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254. The case was referred to Magistrate Judge Louisa S. Porter for Report and Recommendation ("Report"). The parties were given time in which to file objections to the Report. Neither party has filed objections nor sought an extension of time in which to file objections. Having reviewed the petition and the parties' submissions, the Court enters the following decision.

The duties of the district court in connection with a magistrate judge's Report and Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b) (1); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir.1989); *see also Wilkins v. Ramirez*, 455 F.Supp.2d 1080, 1088 (S.D.Cal.2006). But when neither party objects to a Report and Recommendation, a district court need not review *de novo* the Report and Recommendation. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005).

After reviewing the Report in its entirety, the Court finds that the magistrate judge correctly concluded that petitioner's lengthy indeterminate sentence under California Penal Code § 667 did not violate clearly established federal law and that the state court did not violate petitioner's Eighth Amendment rights by not treating his conviction offense as a misdemeanor rather than as a felony. (Report at 5–7).

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation [doc. # 8] in its entirety. Petitioner's Petition for Writ of Habeas Corpus is **DENIED** with prejudice. The Clerk of the Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

---

1. Petitioner was sentenced in accordance with California's recidivist sentencing statute, popularly named the "Three Strikes Law," codified at Cal.Penal Code § 667.

## REPORT AND RECOMMENDATION THAT PETITION FOR WRIT OF HABEAS CORPUS BE DENIED

LOUISA S. PORTER, United States Magistrate Judge.

Petitioner Laquan A. Hayes, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner's application raises one ground for relief. Petitioner contends that "[t]he trial court refused to strike my prior strike offenses, or reduce the current offense to a misdemeanor resulting in the imposition of a life sentence which constitutes cruel and unusual punishment under the 8th Amendment to the U.S. Constitution."[1] (Doc. 1 at 6.) This Court has reviewed the Petition for Writ of Habeas Corpus, Respondent's Answer, Petitioner's Traverse, and all supporting documents. After thorough review, this Court finds that Petitioner is not entitled to the relief requested and recommends that the Petition for Writ of Habeas Corpus be DENIED.

### I. Background

Under 28 U.S.C. § 2254(e)(1), factual determinations by the state court are presumed correct unless the petitioner rebuts the presumption by clear and convincing evidence.[2] Petitioner has not attempted to rebut the factual findings made by the state court. The following facts, therefore, are taken verbatim from the California Court of Appeal's opinion in Petitioner's case.

In 1990 [Petitioner] Hayes was convicted of gross vehicular manslaughter while intoxicated (§ 191.5(a)). He was driving with friends from Tijuana with a blood

---

2. "In a proceeding instituted by application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. 2254(e)(1).

alcohol level of .30 percent. His vehicle collided with a truck and a passenger, Hayes's cousin, died of injuries sustained in the collision. Hayes was sentenced to a four-year prison term. In 1993, Hayes was convicted of two counts of second degree robbery (§§ 211, 212.5(c)), one involving theft of a vehicle while using a shotgun and the second occurring the same day involving robbery at a supermarket while using a shotgun. The robbery charges were brought and tried together (§ 667(a)(1)), and he was sentenced to a fourteen-year, four-month prison term.

(Lodgment 9 at 3–4.)

On November 15, 2002, a San Diego police officer stopped a vehicle being driven by Hayes after observing it moving at a greater than normal speed in a trolley station parking lot. The officer observed Hayes's eyes were droopy and glassy and detected the odor of alcohol emanating from the vehicle. The officer arrested him for driving under the influence of alcohol. A breath test showed Hayes had a. 11 percent blood alcohol level.

(Lodgment 9 at 3.) On October 30, 2003, a jury convicted Petitioner of driving while having a measurable blood alcohol of 0.08 percent or more on November 15, 2002, in violation of California Vehicle Code § 23152(b). (Lodgment 1 at 189.) As a result of current and past offenses, Petitioner was sentenced to a term of twenty-seven-years-to-life. (Lodgment 1 at 159, 191.)

Petitioner appealed to the California Court of Appeal, Fourth Appellate District, Division One. In his appeal, Petitioner argued that the trial court erred in denying his motions to expunge two of his prior "strike" convictions or alternatively to reduce the current felony conviction to a misdemeanor offense. (Lodgment 6 at 10–25; Lodgment 8 at 1–4.) Petitioner also argued on appeal that his sentence of twenty-seven-years-to-life under California Penal Code § 667 violates federal and state constitutional prohibitions against cruel and unusual punishment. (Lodgment 6 at 26–31.) On June 15, 2005, Petitioner's conviction and sentence were affirmed by the California Court of Appeal. (Lodgment 9.)

On July 27, 2005, Petitioner sought review of the Court of Appeal's decision and filed a Petition for Review to the California Supreme Court. (Lodgment 10.) That Petition for Review was denied on September 26, 2005, without comment. (Lodgment 11.)

Petitioner filed the current petition on October 27, 2006. Respondent filed an Answer on March 23, 2007. Petitioner filed his Traverse on April 30, 2007. By this Court's order, the case was deemed submitted on the papers without oral argument on May 3, 2007. (Doc. 5 at 3.)

## II. Discussion

Petitioner's habeas corpus petition raises one ground for relief. Petitioner states that the trial court refused to expunge prior "strike" offenses, or reduce the current offense to a misdemeanor, resulting in the imposition of sentence which constitutes cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution. (Doc. 1 at 6.) Though Petitioner describes his sentence as a "life sentence," it is in fact an indeterminate twenty-seven-years-to-life sentence. (Lodgment 1 at 159, 191.) Petitioner's one ground for relief encompasses three different claims: first, that Petitioner's sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment; second, that the trial court's refusal to reduce the current offense to a misdemeanor was improper; and third, that the trial court's refusal to expunge prior "strike" offenses was in error.

## A. Scope of Review

The Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, applies to all federal habeas petitions filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The current petition was filed October 27, 2006, and is governed by the AEDPA. The AEDPA sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

■■■ To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or (d)(2). *Williams v. Taylor*, 529 U.S. 362, 404–5, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Supreme Court interprets § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decided a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. at 412–413, 120 S.Ct. 1495. Under the "unreasonableness clause," a federal habeas court must give deference to the state court's decision. *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 75–76, 123 S.Ct. 1166 (quoting *Williams v. Taylor*, 529 U.S. at 411, 120 S.Ct. 1495). Rather, the state court's application of federal law "must be objectively unreasonable." *Id.* at 76, 123 S.Ct. 1166. (citations omitted).

■■ The "clearly established Federal law" phrase of § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." *Id.* at 71, 123 S.Ct. 1166 (quoting *Williams*, 529 U.S. at 412, 120 S.Ct. 1495). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* (citations omitted).

■■ When the last state court judgment for which review is sought is a decision without opinion from the state's highest court, the Court looks through to the last explained state-court judgement. *Ylst v. Nunnemaker*, 501 U.S. 797, 803–05, 111

S.Ct. 2590, 115 L.Ed.2d 706 (1991). In this case, the California Supreme Court denied Petitioner's request for review of the California Court of Appeal decision without comment. (Lodgment 11.) Therefore, this Court looks to the last reasoned state court decision—here, the opinion of the California Court of Appeal (Lodgment 9)—and presume that the California Supreme Court's unexplained opinion rests upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. at 803–05, 111 S.Ct. 2590.

**B. Petitioner's claim that his sentence is a violation of the Eighth Amendment proscription against cruel and unusual punishment.**

██ Petitioner contends his twenty-seven-years-to-life prison sentence constitutes a violation of the provisions against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution. The Court of Appeal rejected this argument on Petitioner's direct appeal and found that the sentence imposed in this case does not constitute cruel and unusual punishment. (Lodgment 9 at 10–14.)

In denying Petitioner's appeal, the California Court of Appeal applied decisions of the United States Supreme Court, including the companion cases *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) and *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), both of which examined the constitutionality of sentences under California Penal Code § 667. (Lodgment 9 at 14.)

In *Ewing v. California*, the Supreme Court analyzed the proportionality of a sentence under California Penal Code § 667 by looking at not only "the current felony, but also [the Defendant's] long history of felony recidivism." *Ewing*, 538 U.S. at 29, 123 S.Ct. 1179. In that case,

Ewing was sentenced according to California state law principles after the trial court declined to reduce his prior felony conviction to a misdemeanor. The Supreme Court found the California recidivist sentencing statute to be constitutional and found that Ewing's sentence of twenty-five-years-to-life, imposed under California Penal Code § 667, was not so grossly disproportionate to his offense of felony grand theft as to offend the Eighth Amendment's prohibition of cruel and unusual punishment. Ewing's sentence was deemed by the Supreme Court to reflect a rational legislative judgment, entitled to deference, that offenders who have committed serious or violent felonies, and who continue to commit felonies, must be incapacitated. *Id.* at 30, 123 S.Ct. 1179.

In the companion case to *Ewing, Lockyer v. Andrade*, the Supreme Court upheld the denial of habeas relief for a petitioner sentenced to fifty-years-to-life under California Penal Code § 667, where petty theft was the petitioner's third conviction. The Supreme Court recognized that the factors for considering gross disproportionality under the Eighth Amendment lack clarity, but held that the California courts had reasonably applied those factors in affirming the fifty-years-to-life sentence. *Andrade*, 538 U.S. at 72, 77, 123 S.Ct. 1166.

Viewing the facts of Petitioner's case in light of those in *Ewing* and *Andrade*, the California Court of Appeal's affirmation of Petitioner's punishment did not contradict or unreasonably apply clearly established federal law pertaining to the Eighth Amendment. Given the Supreme Court's holdings that lengthy indeterminate sentences imposed under California Penal Code § 667 do not violate the Eighth Amendment, Petitioner fails to show that the Court of Appeal unreasonably applied this clearly established federal law in upholding his sentence. The Court of Appeal

found the twenty-seven-years-to-life sentence appropriate because of Petitioner's serious felony prior convictions and his two separate prison terms. (Lodgment 9 at 10–14.) This state court judgment was not contrary to, nor was it an unreasonable application of, clearly established federal law.

### C. Petitioner's claim that his current offense should have been reduced to a misdemeanor

■ Petitioner contends that the trial court in his case violated his Eighth Amendment rights by refusing to reduce his conviction offense—a so-called "wobbler" offense—to a misdemeanor. (Doc. 1 at 6.) Petitioner argues that although this assessment may not have posed a federal question for the Court of Appeal, review of the constitutionality of the sentence necessarily includes examination of the alternative sentencing options that were available to the trial court. (Doc. 7 at 10.) Petitioner claims that "the question of the constitutionality of the harsh sentence imposed [cannot] be viewed in a vacuum," and claims that the trial court did not give due consideration to Petitioner's work history, living arrangements and the numerous sentencing letters submitted on his behalf.

The Supreme Court examined a "wobbler" offense in *Ewing v. California.* These offenses were described as such:

> Under California law, certain offenses may be classified as either felonies or misdemeanors. These crimes are known as 'wobblers.' Some crimes that would otherwise be misdemeanors become 'wobblers' because of the defendant's prior record.... Under California law, a 'wobbler' is presumptively a felony and remains a felony except when the discretion is actually exercised to make the crime a misdemeanor.

*Ewing v. California,* 538 U.S. at 16–17, 123 S.Ct. 1179 (citations and quotations omitted). The Supreme Court further described that "California trial courts have discretion to reduce a 'wobbler' charged as a felony to a misdemeanor either before preliminary examination or at sentencing to avoid imposing a three strikes sentence." *Id.* at 17, 123 S.Ct. 1179. "Though California courts have discretion to reduce a [felony] charge to a misdemeanor, it remains a felony for all purposes unless and until the trial court imposes a misdemeanor sentence." *Id.* at 28–29, 123 S.Ct. 1179 (quotation and citation omitted).

■ In Petitioner's case, the California Court of Appeal reviewed the trial court's exercise of discretion whether to classify Petitioner's offense as a felony or misdemeanor under California Penal Code § 17(b). (Lodgment 9 at 4–6.) This judgment of the California Court of Appeal is not reviewable by federal habeas petition. Federal habeas relief is available "only on the ground that [one] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Petitioner cannot be granted federal habeas relief based on his contention that his sentence violates the Eighth Amendment because the trial court refused to reduce his conviction offense to a misdemeanor.

### D. Petitioner's claim that the trial court abused its discretion by refusing to strike prior offenses

■ Lastly, Petitioner argues that the trial court abused its discretion by denying his request to have two or more of his prior offenses dismissed and in doing so

 

sentenced him in violation of the Eighth Amendment. (Doc. 1 at 6.)

In determining that the trial court did not abuse its discretion by denying Petitioner's request to have two or more of his prior offenses dismissed, the California Court of Appeal stated that a trial court is authorized in this discretion under California Penal Code § 1385. The Court of Appeal applied a standard of review set forth by the California Supreme Court. (Lodgment 9 at 7 (quoting *People v. Williams,* 17 Cal.4th 148, 69 Cal.Rptr.2d 917, 948 P.2d 429 (1998)).)

Petitioner is thus not entitled to federal habeas relief on this claim, because the judgment of the California Court of Appeal was based on California state law and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. at 67–68, 112 S.Ct. 475.

### III. Conclusion

After thorough review of the record in this matter and based on the foregoing analysis, it is recommended that the Petition for Writ of Habeas Corpus be DENIED and this action be DISMISSED WITH PREJUDICE. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007).

IT IS HEREBY ORDERED that no later than **January 4, 2008,** any party may file and serve written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no later than **January 18, 2008.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on

appeal of the court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).

Dec. 5, 2007.