NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES RICHARD MCCARTY and VICTORIA L. MCCARTY, | No. 11-15039 |
| Plaintiffs - Appellants, | D.C. No. 1:10-cv-00133-JMS-KSC |
| v. | |
| GCP MANAGEMENT, LLC, a Utah limited liability company; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| JAMES RICHARD MCCARTY and VICTORIA L. MCCARTY, | No. 11-16592 |
| Plaintiffs - Appellants, | D.C. No. 1:10-cv-00133-JMS-KSC |
| v. | |
| GCP MANAGEMENT, LLC, a Utah limited liability company; et al., | |
| Defendants - Appellees. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted October 15, 2012
Honolulu, Hawaii

Before: REINHARDT, THOMAS, and PAEZ, Circuit Judges.

James and Victoria McCarty appeal the district court's order granting

summary judgment in favor of GCP Management, LLC ("GCP") and Gateway

Capital Partners, LLC, and its subsequent confirmation of the foreclosure sale of

the mortgaged property to GCP. We have jurisdiction under 28 U.S.C. § 1291, and

we affirm. Because the parties are familiar with the history of this case, we need

not recount it here.

I

Contrary to the McCartys' claim, the defendants are not prohibited under

Hawaii law from defending this action because neither entity holds a state

certificate of authority to transact business in Hawaii. Hawaii law expressly

permits a foreign limited liability company to defend an action instituted against it

in a Hawaii court. Haw. Rev. Stat. § 428-1008(b). Moreover, because the

provision of mortgage loans does not qualify as "transacting business" within the

meaning of Haw. Rev. Stat. § 428-1008, that provision does not bar GCP's counterclaim.  Haw. Rev. Stat. § 428-1003.

## II

We have carefully reviewed the district court's grant of summary judgment *de novo*, *see Bamonte v. City of Mesa*, 598 F.3d 1217, 1220 (9th Cir. 2010), and affirm the judgment of the district court for the reasons set forth in the district court's well-reasoned summary judgment order dated November 17, 2010.

## III

We affirm the district court's order confirming the foreclosure sale of the mortgaged property to GCP.  Under Hawaii law, we may reverse the district court judge's confirmation of a foreclosure sale only if "a clear abuse of the discretion vested in him is apparent."  *City & Cnty. of Honolulu v. Int'l Air Serv. Co.*, 628 P.2d 192, 197-98 (Haw. 1981).

The district court did not abuse its discretion in confirming the foreclosure sale.  *See Brent v. Staveris Dev. Corp.*, 741 P.2d 722, 726 (Haw. App. 1987) ("[T]he lower court's authority to confirm a judicial sale is a matter of equitable discretion").  Though GCP's bid of $1.5 million was considerably less than the McCartys' outstanding debt on the foreclosed mortgage, as well as the property's

3

appraised value at the time the loan was made, the McCartys did not establish that the bid was "so grossly inadequate as to shock the conscience." *Sugarman v. Kapu*, 85 P.3d 644, 652 (Haw. 2004) (quoting *Hoge v. Kane*, 670 P.2d 36, 40 (Haw. App. 1983)). The McCartys' speculative assertion that a higher price could be obtained is not sufficient to warrant reversal. *Brent*, 741 P.2d at 726-27. The district court properly reviewed the evidence, including that furnished by the neutral foreclosure commissioner.

The district court also properly conducted a *de novo* review of those findings of the magistrate judge to which the McCartys filed objections. No hearing was required. 28 U.S.C. § 636(b)(1)(C); *United States v. Raddatz*, 447 U.S. 667, 674 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). The record shows that the district court judge independently reviewed the evidence supporting the challenged findings of the magistrate judge, which sufficed to discharge his obligation under 28 U.S.C. § 636(b)(1)(C).

**AFFIRMED.**